## 60385. DRIVER v. THE STATE.

Banke, Judge.

The appellant was convicted of second-degree arson in connection with a school fire in LaGrange. The state's evidence included the testimony of several witnesses who placed the appellant at or near the scene, including one witness who testified that he saw

the appellant light something and throw it in the school window. A police officer testified that he found appellant under a house across the street from the burning school. After a proper rights warning, the appellant admitted to investigators that "he may have started the fire." An investigator from the LaGrange Fire Department testified that in his opinion the fire was deliberately set. The appellant contends on appeal that on two occasions evidence of his character was improperly admitted. *Held:*

1. The first such occasion was when a state's witness testified on redirect examination that he was afraid of the appellant's family. We perceive no error for two reasons. In the first place, the witness made no derogatory comments concerning the accused himself. In the second place, the matter of the witness' fear was opened by appellant's own counsel on cross examination in an effort to discredit the witness.

The second instance complained of concerns a question asked of the appellant on cross examination. The question was, "You came from a kind of family members that don't help you out when you're in trouble?" We believe that under the circumstances the question constituted proper cross examination. The appellant had testified that the reason he was under a house near the scene of the crime was that he was drunk and afraid of being arrested and that he had no way to get home. The question was in response to his own testimony and constituted relevant cross examination. Furthermore, since the question did not concern his own past behavior or reputation, it cannot be characterized as calling for an admission of bad character. "When a person testifies in his own behalf, the state has a right for purposes of contradiction and for testing the reasonableness and truthfulness of his statements to interrogate him fully . . ." *Henderson v. State,* 153 Ga. App. 801, 804 (266 SE2d 522) (1980).

2. Appellant also enumerates as error the following remark, which the trial court made in the presence of the jury in ruling on an objection to the admissibility of appellant's pre-trial statement to police: "I overrule the objection and let it be admitted into evidence. The court finds that he was read his rights and he understood them, and he was presented with the rights document and he signed it, and he waived his rights and that any statement he might make is therefore admissible in evidence." No objection or motion for mistrial was made. Furthermore, evidence of the appellant's admission had earlier been heard by the jury without objection. In fact, when given the opportunity to present evidence concerning the voluntariness of the admission, counsel for the appellant declined. Appellant does not now contend that the admission was involuntary or otherwise inadmissible. The absence of a timely motion for

mistrial renders this enumeration of error without merit. See *Waddell v. State,* 29 Ga. App. 33 (5) (113 SE 94) (1922); *Herndon v. State,* 45 Ga. App. 360, 361 (164 SE 478) (1932).

3. Appellant next enumerates as error the following remark made by the trial court to the jury during the course of their deliberations: "With it being 10-2, the court feels that this court should not declare a mistrial in this case because this is an important case. It's an expensive case to try. Do ya'll want to send out for something to eat or go out to eat in a body?"

The jury had begun its deliberations at 9:22 a.m. They went to lunch at about noon after indicating that the vote stood at 10-2. They resumed deliberations until 5:30 p.m. when the judge ascertained that the vote was the same. The remark complained of was made prior to a break for dinner. After the dinner break, the jury deliberated until 9:20 p.m. when it announced its verdict. No objection, motion, or request for further instructions was made in response to the quoted remark, although appellant did move for a mistrial after the jury was excused for dinner, based solely on the length of the deliberations to that point.

An instruction to jurors to consider the expense of the trial as a factor in their deliberations is reversible error. *Campbell v. State,* 81 Ga. App. 834, 835 (60 SE2d 169) (1950). However, in our view, the trial court's remark was an offhand one made in explanation of his decision to have the jury deliberate further, rather than an instruction for them to consider the expense of the trial as a factor in their deliberations. Thus, an objection at trial was necessary to preserve the issue on appeal. See generally *Dorsey v. State,* 236 Ga. 591 (6) (225 SE2d 418) (1976). This enumeration of error is accordingly without merit.

4. Appellant also urges reversal based on insufficiency of the evidence. We find that a rational trier of fact could reasonably have found from the evidence presented to it proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. Appellant also contends that he was deprived of reasonably effective assistance of counsel at his trial. The standard for determining the effectiveness of counsel is not errorless counsel or one judged ineffective by hindsight, but "counsel reasonably likely to render *and rendering* reasonably effective assistance." *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974). Judged by this standard, we conclude that this enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., concurs. Smith, J., concurs in the judgment only.*

ARGUED SEPTEMBER 3, 1980 — DECIDED SEPTEMBER 17, 1980.

*Allen B. Keeble,* for appellant.
*William F. Lee, Jr.,* for appellee.