## 64490. ANDERSON v. THE STATE.

SOGNIER, Judge.

Rape, kidnapping and aggravated assault. Appellant contends that the trial court erred by summarily denying his requests to charge.

1. Appellant made nine specific requests to charge which were denied by the trial court. Appellant's first requested charge related to the fact that appellant's guilt must be proven beyond reasonable doubt and cannot be based on mere conjecture. His sixth request to charge related to consent being expressed by a female's conduct, and his ninth request to charge dealt with the presumption of innocence and the burden of proof. These matters were covered specifically in the trial court's charge to the jury, although not given in the exact language requested. Our courts have held that it is not necessary for a trial judge to charge in the exact language requested when the instructions covered the principles of law requested. *Burnett v. State,* 240 Ga. 681, 687 (7) (242 SE2d 79) (1978); *Cohran v. State,* 141 Ga. App. 4, 5 (2) (232 SE2d 355) (1977).

2. Appellant's second request to charge was as follows: "Where the facts and evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence." This charge has been held to be applicable only to cases " 'dependent solely upon circumstantial evidence.' " *Booker v. State,* 156 Ga. App. 40, 42 (4) (274 SE2d 84) (1980). In the instant case the evidence relating to commission of the offenses was direct evidence from the victim and appellant, who admitted having sexual intercourse with the victim but claimed it was with her consent. Since the case was not "dependent solely on circumstantial evidence" the requested instruction would not be applicable in this case.

3. Appellant's third, fourth, fifth and seventh requests to charge related to the amount of resistance which must be used by an alleged rape victim in order to show a lack of consent. The language in the requested charges has been disapproved, *Curtis v. State,* 236 Ga. 362, 363(1) (223 SE2d 721) (1976), and "to have given them [the requested charges] would have substantially negated the principle announced by this court in such cases as *Mathis v. State,* 224 Ga. 816 (165 SE2d 140) . . ." *Larkins v. State,* 230 Ga. 418, 423 (6) (197 SE2d 367) (1973). Hence, these requests were denied properly.

4. Appellant's eighth request to charge related to delay in making a fresh complaint. The requested charge was not supported by the evidence, for as soon as the victim arrived home her roommate

asked what was wrong and the victim said "It was rape." Shortly thereafter the roommate telephoned the police and reported the incident. When a requested charge deals with a matter not in issue, it is not error for the trial court to deny the request. *Troup v. State,* 85 Ga. App. 138, 151 (3) (68 SE2d 195) (1951); *Weatherspoon v. K-Mart Enterprises,* 149 Ga. App. 424, 427 (2) (254 SE2d 418) (1979).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 21, 1982 —

*Irvan A. Pearlberg,* for appellant.

*Thomas J. Charron, District Attorney, Joseph L. Chambers, Assistant District Attorney,* for appellee.