### 67605. CAVE v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of burglary. On appeal he contends the trial court erred (1) by denying his motions for a mistrial after the prosecuting attorney commented on the policy of the Pardons and Paroles Board regarding early release of prisoners; (2) by denying appellant's motion for a continuance; (3) by allowing the state to place appellant's character in issue; and (4) by failing to give two of appellant's requested charges.

Appellant was apprehended while hiding behind the open door of a food freezer in a school cafeteria after police officers responded to a silent burglar alarm at the school.

1. Appellant contends it was error to deny his motions for a mistrial after the state asked a defense witness who was serving a two-year sentence for burglary: "You don't know that the truth is you will probably be out of here in seven months, you are just about done, based on what the Pardon and Parole Board does, isn't that about right?" Appellant moved for a mistrial on the ground that the prosecuting attorney was prohibited from bringing such information before the jury. The motion was denied and in closing argument the prosecuting attorney again commented on the early release policy of the Pardons and Paroles Board as it applied to the defense witness. Appellant again moved for a mistrial, which was denied.

Appellant argues that the trial court erred by denying his motions for a mistrial because OCGA § 17-8-76 makes it mandatory upon the court to grant a mistrial when an attorney in a criminal case comments to, or in the presence of, the jury about the policy of the Pardons and Paroles Board.

OCGA § 17-8-76 provides, in pertinent part: "(a) No attorney at law in a criminal case shall argue to or in the presence of the jury that a defendant, if convicted, may not be required to suffer the full penalty imposed by the court or jury because pardon, parole or clemency of any nature may be granted by the . . . State Board of Pardons and Paroles . . . .

"(b) If counsel for either side in a criminal case argues to or in the presence of the jury as provided in subsection (a) of this Code section, opposing counsel shall have the right immediately to request the court to declare a mistrial, in which case it shall be mandatory upon the court to declare a mistrial. Failure to declare a mistrial shall constitute reversible error."

Appellant acknowledges that the prosecutor's remarks were directed at a witness and not at the defendant, but argues that under the holding in *Loder v. State*, 140 Ga. App. 166, 170 (3) (230 SE2d 124) (1976) (vacated but reaffirmed, 141 Ga. App. 665), the state cannot do indirectly what it is prohibited from doing directly. While we agree with the principle stated in *Loder*, it has no application here. In regard to OCGA § 17-8-76 our Supreme Court has held that "[t]he purpose of the statute is to prevent prosecutors from arguing in essence that the *jury* should give a more severe sentence to compensate for possible pardon, parole, or other clemency." *Gilreath v. State*, 247 Ga. 814, 835 (15) (279 SE2d 650) (1981). (Emphasis supplied.) Under current law, the sentence in felony cases is imposed by the trial judge, not the jury, except in cases in which the death penalty is authorized. OCGA § 17-10-2. Thus, any remarks by the prosecuting attorney in the instant case could not cause the jury to impose a more severe sentence and thus, do not fall within the purview of remarks prohibited by OCGA § 17-10-2, since the jury was not authorized to impose sentence. Accordingly, it was not error to deny appellant's motions for a mistrial on this ground.

2. Appellant's motion for a continuance to obtain a defense witness in support of appellant's alibi defense was denied, and he contends that ruling was error.

At a hearing on the motion it was disclosed that the witness had not been subpoenaed, as authorized by OCGA § 17-7-191. OCGA § 17-7-192 provides: "A defendant who fails to use the subpoena power provided for in Code Section 17-7-191, when it is within his power to do so, shall not be entitled to a continuance because a witness material to his defense is not in attendance at the term of the court when his case is called for trial, if he is prosecuted for the same criminal act." Further, denial of a motion for a continuance on the ground of an absent witness lies within the discretion of the trial court and unless manifestly abused the denial thereof will not be disturbed. *Wellons v. State*, 144 Ga. App. 218, 219 (2) (240 SE2d 768) (1977). In addition to appellant's failure to subpoena the absent witness it was disclosed that the witness had gone to Houston, Texas, for a visit and had not returned when expected. Further, the telephone number in Houston left by the witness was either disconnected or was the wrong number, so she could not be reached. Under such circumstances we find no abuse of discretion in denying appellant's motion for a continuance. *Lee v. State*, 154 Ga. App. 562, 566 (4) (269 SE2d 65) (1980).

3. Appellant contends the trial court erred by allowing the state to place appellant's character in evidence. In this regard Antreda Parks, a defense witness, testified that appellant was a frequent visitor at her home to see Parks' sister. On cross-examination Parks testified that one Joanna Ford, a convicted felon, stayed at Parks' home

and was living there on April 18, 1983. To impeach Parks the prosecuting attorney asked if Ford was not in jail on April 18th, and Parks acknowledged that she was. Appellant contends such testimony placed his character in evidence by implying that he associated with a known criminal. We do not agree.

Parks testified specifically that appellant did not associate with Ford, had no type of relationship with Ford and they did not go out together in the evening hours (the burglary here occurred shortly after midnight). Further, Parks testified that the only persons present at her home on April 18th were herself, her sister and appellant. Such testimony does not imply that appellant associated with a convicted felon; in fact, the testimony showed clearly that appellant did *not* associate with Ford. Thus, appellant's character was not placed in evidence by the complained of testimony.

4. a. Appellant contends the trial court erred by denying his request to charge on the three methods of committing criminal trespass defined in OCGA § 16-7-21 (b). As stated earlier, appellant was apprehended inside the school building, hiding behind some opened doors to a frozen food locker in the cafeteria area. Based on this evidence the trial court charged the jury only on the provisions of OCGA § 16-7-21 (b), which provides: "A person commits the offense of criminal trespass when he knowingly and without authority:

"(1) Enters upon the land or premises of another person . . . for an unlawful purpose."

Appellant argues that because the school was in a fenced in area and a sign at a gate in the fence stated "No trespassing," the trial court erred by failing to charge on subsections (2) and (3) of OCGA § 16-7-21 (b), as such a charge was demanded by the evidence. We do not agree.

Subsection (2) relates to a criminal trespass committed by entering premises of another after receiving notice from the owner or lawful occupant that such entry is forbidden. Subsection (3) relates to criminal trespass committed by remaining on the premises after receiving notice from the owner or lawful occupant to depart. It is clear that subsection (3) is inapplicable to the instant case because appellant did not remain on the premises after receiving notice to depart. It is also clear that subsection (2) was not applicable to the facts of this case, because appellant was not merely on the premises after notice from the owner or occupant that entry was forbidden. Testimony was presented that the "No trespassing" sign was put up to stop pedestrians other than students and school personnel from using the gate in question as a "cut-through" from Gordon Street to Lucille Street. Appellant was not trespassing for this purpose, but had broken into the school building for the obvious purpose of stealing food from the frozen food locker. Thus, subsection (2) was not applicable.

When a requested charge deals with a matter not in issue, it is not error for a trial court to deny the request. *Anderson v. State*, 163 Ga. App. 603, 604 (4) (295 SE2d 564) (1982).

b. Appellant's request to charge on alibi was denied and he contends this was error. Appellant testified that on the night of the burglary he was at Parks' home visiting her sister and stayed there until 1:00 a.m. He also testified he was apprehended outside the school building as he was walking home, rather than in the cafeteria. However, Parks testified that appellant was at her home from 6:00 to 8:00 p.m., and she did not see appellant thereafter on the night of the burglary. The two police officers who apprehended appellant positively identified him as the person apprehended in the school cafeteria. Thus, the evidence failed to exclude the possibility of appellant's presence at the time of the burglary. "Where the competent testimony does not exclude the possibility of the defendant's presence with respect to the time and place of the offense for which he was indicted, there is no error in not charging alibi." *Welch v. State*, 130 Ga. App. 18, 21 (5) (202 SE2d 223) (1973).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED MAY 1, 1984 —
REHEARING DENIED MAY 17, 1984 —

*Derek H. Jones,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Robert A. Weathers, Assistant District Attorneys,* for appellee.