### 67803. QUINN v. THE STATE.
### 68118. BENTLEY v. THE STATE.
### 68119. HOLBERT v. THE STATE.

SOGNIER, Judge.

In a joint trial appellants Bentley and Holbert were convicted of trafficking in cocaine and attempted trafficking in cocaine; appellant Quinn was convicted of attempted trafficking in cocaine.

Law enforcement authorities, after receiving information that Graham (a fourth defendant), Quinn and Holbert were in Panama City, Florida to arrange a drug deal, placed them under surveillance and ultimately followed them to a motel in Calhoun, Georgia. An undercover agent posing as a buyer went to the room where Graham, Quinn and Holbert were staying and arranged to test the cocaine for sale. The agent was driven to a farmhouse outside Calhoun, Georgia by Holbert. They met Bentley in a pasture where the agent tested the cocaine and returned it to Bentley. Early the same afternoon the agent met Holbert and showed him $57,000 he would pay for the cocaine, and Holbert departed. Holbert and Bentley met the agent about an hour and a half later; the agent got in Bentley's truck and again tested the cocaine and returned it to Bentley. The agent returned to his car, signalled other agents, and Holbert and Bentley were arrested. Two packages of cocaine with a weight of 817.7 grams (one pound and 12.84 ounces) were seized from Bentley's truck.

*Appellant Quinn*

1. Quinn contends the trial court erred by denying his motion for a directed verdict of acquittal because there was no evidence to show that he participated in negotiations for the sale of cocaine; he was not present when the cocaine was tested; and he was not present when the sale was to be consummated. This contention is without merit.

Appellant Holbert testified that Quinn and Bentley were putting out the word in Panama City that they had a large amount of cocaine for sale, and later they told Holbert they had a buyer for the cocaine. Holbert also testified that initially Quinn and Bentley were going to take the cocaine to Columbus, Georgia, for testing by the undercover agent posing as a buyer, but changed their plans and agreed to have it tested in Calhoun. Additionally, a tape recording of a telephone conversation between a federal agent and Quinn discussing the drug transaction was introduced into evidence.

Quinn was charged as an aider and abettor in the attempted trafficking in cocaine, and the evidence showed that he took an active part in the attempted sale of cocaine. One who intentionally aids or abets the commission of a crime by another is a party to the crime and equally guilty with the principal. *Bell v. State,* 156 Ga. App. 190 (274 SE2d 153) (1980). The evidence was sufficient to meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), and thus, it was not error to deny Quinn's motion for a directed verdict of acquittal. *Lee v. State,* 247 Ga. 411, 412 (6) (276 SE2d 590) (1981); *Humphrey v. State,* 252 Ga. 525 (314 SE2d 436) (1984).

2. a. Appellant Quinn contends it was error to deny his motion for a mistrial after the prosecuting attorney testified and gave hearsay evidence in his opening statement. Appellant argues that the prosecuting attorney's remarks in reference to what Denise Morrison (the confidential informant) did and said in reference to this case constituted hearsay testimony by the prosecuting attorney, because Morrison was not called as a witness by the State.

We have examined the opening statement by the prosecuting attorney and find no reference to what Morrison said, and no statement that Morrison would testify as a witness. The prosecuting attorney stated only that "we expect to show" certain facts relating to what Denise Morrison had done. Such statements did not constitute hearsay testimony by the prosecuting attorney; they were merely statements as to what the prosecution expected the evidence to show. The evidence did, in fact, show what the prosecuting attorney stated it would show. "Since the prosecution in its opening statement is permitted to state what it intends to prove and subsequently presented evidence to prove same, the statements of counsel did not require a reprimand or mistrial." *Pinion v. State,* 225 Ga. 36, 38 (5) (165 SE2d 708) (1969); *Poss v. State,* 167 Ga. App. 86, 89 (5) (305 SE2d 884) (1983). Thus, it was not error to deny the motion for a mistrial.

b. Appellant contends error in denial of his motion for a mistrial after the prosecuting attorney announced to the court that Denise Morrison's whereabouts were being kept secret for security reasons. Quinn argues that this implied he was a mean, vicious, antagonistic, revengeful individual who would harm Morrison. This contention is without merit.

On cross-examination defense counsel asked a state witness where Denise Morrison was now; the State objected and the court asked on what grounds. The prosecuting attorney replied: "For security reasons, Your Honor. We don't think it's necessary that he know where she is at." The statement gave no indication that the "security reasons" involved protecting Morrison from being harmed by appellant. The prosecuting attorney made no derogatory comments con-

cerning appellant, and was merely responding to the court's question. We find nothing in the statement which placed appellant's character in issue, and thus, it was not error to deny appellant's motion for a mistrial. See *Driver v. State*, 155 Ga. App. 726, 727 (1) (272 SE2d 580) (1980).

3. Appellant Quinn contends the trial court erred by allowing the jury to hear a tape of a conversation between appellant and an undercover agent, because a proper foundation was not laid.

The transcript shows that the State met all requirements set forth in *Brooks v. State*, 141 Ga. App. 725, 734 (8a) (234 SE2d 541) (1977) for laying a proper foundation. Thus, this enumeration of error is without merit.

4. Appellant contends the trial court erred by denying his requests to charge on abandonment of an attempt to commit a crime, and his request to charge on mere presence at the scene of the crime.

Abandonment of an effort to commit a crime is an affirmative defense. OCGA § 16-4-5. Appellant did not raise this defense at trial, and did not testify. As stated in Division 1, the evidence showed clearly that appellant was an active participant in the attempt to sell cocaine, and no evidence was presented to indicate that appellant abandoned his effort to sell cocaine. Thus, the issue of abandonment was not raised, and when a requested charge deals with a matter not in issue, it is not error for the trial court to deny the request. *Anderson v. State*, 163 Ga. App. 603, 604 (4) (295 SE2d 564) (1982).

As to appellant's request to charge on mere presence at the scene of the crime, he was not present when the cocaine was tested, nor was he present in the parking lot where the attempted sale was to be consummated. Since this matter was not placed in issue by the evidence, it was not error to deny this requested charge. *Anderson*, supra.

5. For the reasons set forth in the preceding divisions, it was not error to deny appellant's motion for a new trial, as amended.

### Appellants Bentley and Holbert

These appellants filed identical enumerations of error which will be considered together.

6. Appellants contend it was error for the court, on its own motion, to dismiss a prospective juror who was a convicted felon. This contention has been decided adversely to appellants. *Norris v. State*, 250 Ga. 38, 39 (1) (295 SE2d 321) (1982).

7. a. Appellants objected and moved for a mistrial after the prosecuting attorney asked the following question on voir dire: "Is there anyone on this panel who at sometime or other has been involved in the caring for, treatment of or rehabilitation of a person who is the victim, or who has been the victim of drugs?" The trial judge disallowed the question and denied the motion for mistrial; appellants

contend denial of their motion was error. We disagree.

Control of voir dire examination is within the discretion of the trial judge and will not be interfered with by an appellate court unless there is a clear abuse of discretion. *Waters v. State*, 248 Ga. 355, 363 (3) (283 SE2d 238) (1981). We find no abuse of discretion, particularly in view of the fact the trial court sustained appellants' objection and disallowed the question.

b. Appellants contend it was error to deny their motion for a mistrial after the prosecuting attorney stated a witness was being held in an unknown place for security reasons. For the reasons set forth in Division 2b of this opinion, this contention is without merit.

c. Appellants contend it was error to deny their motion for a mistrial after a state witness placed appellants' character in issue by stating he was worried about his safety in going to the farm with Holbert.

When this testimony was given the undercover agent posing as the buyer was relating what transpired from the time he started dealing with appellants in the morning until their arrest that same afternoon. The evidence was material, and such evidence is not inadmissible because it incidentally puts a defendant's character in issue. *Miller v. State*, 163 Ga. App. 889, 890-891 (3) (296 SE2d 182) (1982). Hence, it was not error to deny appellants' motion for a mistrial.

8. a. Appellants contend it was error to deny their motion for a directed verdict of acquittal because the State did not prove that the actual cocaine in the substance seized from appellants exceeded 400 grams. This contention has been decided adversely to appellants in *Belcher v. State*, 161 Ga. App. 442, 443 (1) (288 SE2d 299) (1982).

The State presented evidence that 817.7 grams of the powdery substance seized contained cocaine. OCGA § 16-13-31 (a) makes it illegal to sell or possess cocaine *or any mixture* containing cocaine. Thus, it was not error to deny appellants' motion for a directed verdict of acquittal on this ground.

b. Appellants also contend it was error to deny their motion for a directed verdict of acquittal on the charge of selling cocaine, because appellants were arrested before the attempted sale was consummated. We agree and reverse their conviction on charge 1.

In *Robinson v. State*, 164 Ga. App. 652, 654 (1) (297 SE2d 751) (1982), this court held that a sale of drugs is complete when the seller *delivers* the drugs to the feigned buyer, even though no money was exchanged. In the instant case, the evidence is clear that the cocaine was not delivered to the undercover agent. The agent got in Bentley's truck, tested the cocaine and returned it to Bentley. The agent then left the truck and went to his own vehicle, where he signalled other agents who arrested Bentley and Holbert. The cocaine was then seized from the cab of Bentley's truck. Thus, it is clear that there was no delivery of the cocaine to the undercover agent posing as a buyer,

and it was error to deny appellants' motion for a directed verdict of acquittal of charge 1.

9. a. Appellants contend the court erred by giving the jury an incorrect definition of the word "sale." The court defined sale as follows: "A sale consists in the passing of title from the seller to the buyer for a price. Unless otherwise explicitly agreed, title passes to the buyer at the time and the place at which the seller completes his performance with reference to the physical delivery of the goods." This language is contained in OCGA § 11-2-401 (2) and comports with the definition of a drug sale in *Robinson*, supra. Hence, there was no error.

b. Appellants contend the trial court erred by charging the jury that a specific quantity of cocaine is not required to be present in the mixture to constitute a violation of OCGA § 16-13-31. For the reasons set forth in Division 8 a, this charge was a correct statement of the law.

10. Appellants contend it was error to submit both counts to the jury because the cocaine allegedly sold to the undercover agent was the same cocaine which was the subject of the attempted sale of cocaine. In view of the fact that we have reversed appellants' convictions for the sale of cocaine, any alleged error in submitting both counts to the jury is moot.

11. Lastly, appellants contend it was error to deny appellants' motion challenging the array of traverse jurors. Appellants argue that the jury commissioners used unauthorized sources, such as the city directory, the telephone book and lists of high school graduates to revise the jury list. Appellants also contend that the commissioners did not place the names of all persons over 65 who requested jury duty on the list.

In regard to using the city directory, telephone book, etc., in *Hudson v. State*, 240 Ga. 70, 72 (239 SE2d 330) (1977), it was pointed out that the jury commissioners involved followed the same procedure to supplement the voters' list as was followed by the jury commissioners in the instant case. The Supreme Court held that such actions showed a determined bona fide effort to assure a jury list representative of a cross section of the community, and found nothing wrong in following such a procedure.

In regard to persons over 65 who request in writing to serve as jurors, appellant argues that OCGA § 15-12-1 (e) is mandatory and requires that the names of such persons be placed in the jury box. In the instant case the names of two persons over 65 who requested that their names be included on the jury list were not placed in the jury box. Appellants argue that because the statute is mandatory and was

not followed by the jury commissioners, the jury list was illegal and their challenge to the array should have been sustained. This contention has been decided adversely to appellant in *Franklin v. State*, 245 Ga. 141, 145 (1) (263 SE2d 666) (1980), where it was held that statutes regulating the selection, drawing and summoning of jurors are directory to those whose duty it is to select, draw and summon persons for duty. Appellants' counsel stated at the hearing on their challenge to the array that the jury commission did about as good a job as could be done on their percentages, and he could see no deliberate effort on the part of the commission to exclude any class of persons from jury duty. Considering the evidence presented at the hearing, we do not find such disregard of the essential and substantial provisions of the statute (OCGA § 15-12-1 (e)) as would vitiate the arrays. *Franklin*, supra at 147 (1).

*Judgment affirmed in Case No. 67803. Judgments reversed on Count 1 and affirmed on Count 2 in Case Nos. 68118, 68119. McMurray, C. J., and Deen, P. J., concur. Deen, P. J., concurs specially.*

DECIDED JUNE 29, 1984 —
REHEARINGS DENIED JULY 12, 1984 IN CASE NO. 67803
AND JULY 13, 1984 IN CASE NOS. 68118 AND 68119 —

*Jefferson L. Davis, Jr., Velma C. Tilley*, for appellant (case no. 67803).

*William P. Bailey*, for appellants (case nos. 68118, 68119).

*Darrell E. Wilson, District Attorney*, for appellee.

DEEN, Presiding Judge, concurring specially.

The writer concurs fully and associates himself completely with the majority opinion.

An observation is appropriate that in Division 1 the majority, in addressing a motion for a directed verdict of acquittal, uses the Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), rational trier of fact standard, and also cites *Lee v. State*, 247 Ga. 411 (276 SE2d 590) (1981) and *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984).

In Division 8a and b of the majority opinion two additional motions for a directed verdict of acquittal are considered where the rational trier standard is not utilized. Apparently, the majority opinion uses the statutory standard or any evidence standard which is also permissible under *Conger v. State*, 250 Ga. 867 (301 SE2d 878) (1983), *Zuber v. State*, 248 Ga. 314 (282 SE2d 900) (1981), and *Taylor v. State*, 252 Ga. 125 (312 SE2d 311) (1984). Also compare our recent

whole court case of *Maddox v. State*, 170 Ga. App. 498 (317 SE2d 617) (1984).