## 72731. SMITH v. THE STATE.
### (349 SE2d 26)

SOGNIER, Judge.

Appellant was convicted of armed robbery and appeals.

1. In his first two enumerations of error appellant contends the trial court erred by refusing to consider the testimony of Gwen Skinner on the issue of insanity, and by refusing to submit the issue of insanity to the jury. Appellant also contends the trial court erred by failing to give five of his requested charges.

Mrs. Skinner, a court service worker, testified as a defense wit-

ness that appellant had an emotional problem. On cross-examination she testified that she did not know if appellant knew right from wrong at the time of the incident, but she believed there were times when he knew right from wrong, and times when he did not know right from wrong. Mrs. Skinner was not asked by either party if, in her opinion, appellant was sane or insane.

At a hearing outside the presence of the jury the trial judge stated that there was no evidence of insanity in the case. When appellant's counsel referred to the testimony of Mrs. Skinner, the judge stated that she was not competent to testify (as to appellant's sanity), and had not been qualified as an expert on that issue. Appellant now contends the trial court erred by refusing to consider Mrs. Skinner's testimony on the issue of insanity. We do not agree.

OCGA § 16-3-2 provides, in pertinent part: "A person shall not be found guilty of a crime if, *at the time of the act . . .* constituting the crime, the person did not have mental capacity to distinguish between right and wrong in relation to such act. . . ." (Emphasis supplied.) While a lay witness may testify regarding his opinion or belief as to a defendant's sanity, giving his reasons therefor, the exclusion of such testimony does not warrant a new trial when there was no evidence that the defendant did not know the difference between right and wrong. *Chancellor v. State,* 165 Ga. App. 365, 369-370 (17) (301 SE2d 294) (1983). In the instant case neither Mrs. Skinner nor any other witness testified that appellant did not know the difference between right and wrong *at the time the act was committed.* Thus, the trial court was correct in ruling that there was no evidence of insanity, including the testimony of Mrs. Skinner. While stating that Mrs. Skinner was not competent may have been a poor choice of words, when considered in context of the issue being discussed, namely, whether there was any evidence of insanity, the trial court was correct in stating that Mrs. Skinner's testimony did not raise the issue of insanity. Thus, there was no error.

Since no issue of insanity was raised by the evidence, it was not error to refuse to submit the issue of insanity to the jury. Appellant's requests to charge which the court denied all related to insanity. One of the charges related to a person acting as a result of a delusional compulsion, OCGA § 16-3-3, but there was no evidence in the case that appellant was acting under a delusional compulsion as a result of a mental disease, injury or congenital deficiency. When requested charges deal with a matter not in issue, it is not error for a trial court to deny the requests. *Anderson v. State,* 163 Ga. App. 603, 604 (4) (295 SE2d 564) (1982).

2. Appellant contends the trial court erred by allowing the prosecuting attorney to argue the issue of parole in his closing argument. This contention has been decided adversely to appellant by our ap-

pellate courts. *Gilreath v. State*, 247 Ga. 814, 835 (15) (279 SE2d 650) (1981); *Cave v. State*, 171 Ga. App. 22, 23 (1) (318 SE2d 689) (1984). *Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 15, 1986.

*Jennifer McLeod*, for appellant.
*Frank C. Winn, District Attorney*, for appellee.