## 74123. RAMSEY v. THE STATE.
(357 SE2d 869)

POPE, Judge.
Defendant William Kenneth Ramsey was indicted and, following a bench trial, convicted of possession of cocaine with intent to distribute. Defendant was also charged with possession of a firearm during the commission of a felony, but was acquitted as to that charge.

Construed most strongly in favor of the verdict, the evidence adduced at trial shows the following: On December 12, 1984 an undercover agent of the Bibb County Sheriff's department contacted Martin Ursitti, an officer with the Macon-Bibb County drug and vice unit concerning a tip the undercover agent had received from a confidential informant. According to the informant, a white male named Tim

Greene, who would be accompanied by a white female, "would be en route to the area of McDonald's across the river, referring to the east side of town to purchase cocaine from an unknown white male from Atlanta." The informer gave a description and the tag number of the car Greene would be driving, and stated that Greene would already possess a small amount of cocaine. The informant also stated that the unidentified man from Atlanta might be accompanied by another unidentified white male.

Based on this information, officers of the drug unit located Greene's vehicle (as identified by the description and tag number) on the street where the informant told them it would be, and also as the informant had said, observed Greene and his female companion (who was later identified as Anita Grinsted) exiting a house located on Winston Drive. They then followed Greene and Grinsted "across the river" to the McDonald's located on North Avenue, where they observed Greene circle the parking lot and then drive across the street where he made several telephone calls from a pay phone. Approximately 25 minutes later, Greene crossed back over to McDonald's and parked his car at the far corner of the parking lot. In approximately 5 minutes, a red vehicle entered the McDonald's parking lot and parked beside Greene. The officers approached the vehicles and asked defendant, who was the driver of the red vehicle, for some identification. Defendant stated he could not find his driver's license. Greene was searched and approximately a gram of cocaine was recovered. When asked if he had more cocaine in the vehicle, Greene stated he didn't and that he was there to get more cocaine. After searching Greene's car and finding no other evidence of contraband, the officers turned their attention to the car defendant was driving, which they ascertained was a rental car. The officers found a small amount of marijuana in the glove compartment and a locked briefcase in the back seat of the car. The officers questioned both defendant and his passenger, Anthony Wilbanks, concerning ownership of the briefcase. Both denied ownership, denied having a key to the briefcase, and stated they did not know it was in the car. Defendant stated that he didn't care what the officers did with the briefcase. The officers then forced open the briefcase; inside they found an Interdynamic Miami, Florida nine millimeter automatic pistol, defendant's driver's license, approximately 9 grams of cocaine, a device used to "sift" cocaine, and papers relating to defendant's work.

1. Defendant contends the trial court erred in denying his motion to suppress because the evidence of contraband was obtained pursuant to an illegal search and seizure. We disagree. The record clearly supports the conclusion that defendant denied any ownership interest in the briefcase, from which the contraband was obtained. (The record shows the defendant was not charged with any crime as

to the small amount of marijuana obtained from the glove compartment.) " '(T)he constitutional protection of the Fourth and Fourteenth Amendments does not apply to property which has been abandoned.' [Cit.] In order to determine whether property has been abandoned, we must ask: Did the complaining party retain a legitimate expectation of privacy in the article allegedly abandoned? [Cit.]" *Williams v. State*, 171 Ga. App. 546, 547 (320 SE2d 398) (1984); see also *State v. Howell*, 180 Ga. App. 449 (349 SE2d 476) (1986). In the case at bar, it is clear to us that defendant, who denied knowing the briefcase was in the car and stated he did not own it, retained no reasonable expectation of privacy in the property seized.

Moreover, the record also indicates that defendant affirmatively consented to the search by stating to the officers that he did not care what they did with the briefcase. "Probable cause and a warrant are not required for a search and seizure conducted pursuant to consent." *Crews v. State*, 170 Ga. App. 104 (316 SE2d 549) (1984). Accordingly, this enumeration is without merit.

2. Defendant also contends that the four-month delay in the appointment of counsel to replace defendant's former attorney, whom defendant voluntarily dismissed, denied him assistance of counsel "during a critical time of the criminal justice process." Again, however, the record does not support defendant's contention.

The indictment was returned against defendant on March 7, 1985. A bench warrant was issued for defendant's arrest following his failure to appear at trial on April 22, 1985. Defendant resurfaced on December 30, 1985, at which time he was incarcerated in the Monroe County Jail in Forsyth, Georgia on federal criminal charges. Defendant was returned to Bibb County on January 15, 1986 for arraignment. Defendant's present counsel filed an entry of appearance on March 19, 1986. Defendant was tried on June 18 and 19, 1986.

" 'The [defendant's] right to counsel includes the benefit of counsel at all the critical stages of the case and sufficiently prior to the trial for adequate preparation.' [Cit.] A review of the record reveals that [defendant's] counsel was appointed approximately three months prior to trial and was present at all 'critical stages' of the case. We consider this to be a sufficient time for adequate preparation of [defendant's] defense. Therefore, this enumeration is without merit." *Hayes v. State*, 168 Ga. App. 710, 711 (309 SE2d 843) (1983).

3. Defendant also asserts that the trial court erred in denying his motion for acquittal based on his demand for speedy trial. "OCGA § 17-7-170 is absolutely clear as to when an accused may of right make a demand for trial thereunder — at the term at which the indictment is found or at the next succeeding regular court term. After that time, such a demand can *only* be made by special permission of the trial court. . . . [T]he burden is on an accused to protect his statutory

right to a speedy trial by making a timely demand for trial under OCGA § 17-7-170." *Hubbard v. State,* 176 Ga. App. 622, 624-25 (337 SE2d 60) (1985).

Defendant was indicted on March 7, 1985; he filed his demand for speedy trial approximately one year later on March 19, 1986; defendant did not obtain the trial court's permission to file this admittedly out-of-time demand. Moreover, during much of this intervening period, defendant absented himself from the jurisdiction of the trial court, and could not have been tried speedily or otherwise. Under these circumstances, the trial court clearly did not err in denying defendant's motion for acquittal pursuant to OCGA § 17-7-170.

4. Lastly, defendant also enumerates as error the trial court's denial of his motion for new trial. However, because defendant has failed to support this enumeration by either argument or citation of authority, we deem it abandoned pursuant to Rule 15 (c) of this court. *Kuptz v. State,* 179 Ga. App. 150 (12) (345 SE2d 670) (1986).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED MAY 22, 1987 — ▆▆▆▆▆▆▆▆▆▆▆

*Philip C. Davis,* for appellant.

*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Assistant District Attorney,* for appellee.