## A90A0351. ELROD v. THE STATE.
(394 SE2d 548)

BEASLEY, Judge.

Following denial of her motion for new trial and as amended, Elrod appeals her conviction and sentence for misdemeanor theft by shoplifting, OCGA § 16-8-14 (a) (1), (b) (1).

1. In her first three enumerations of error, appellant argues the general grounds but does not specify how the evidence is deficient. The evidence construed in favor of the verdict, *Thomas v. State,* 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985), shows that while undetected, a store security guard observed Elrod and her sixteen-year-old friend, Whitlock, pushing a shopping cart through the store. Whitlock took certain cosmetic items from the cart, looked about, and then stuffed the items in the purse she was carrying. Shortly thereafter, Elrod removed some lingerie from the same cart, went to the same spot as Whitlock had, and stuffed the lingerie into her pocketbook. The two women went through the checkout and paid for some other items but did not pay for the items in their purses. The purses were emptied in the security office and the unpaid items found. The evidence was sufficient to enable any rational trier of fact to find Elrod guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In enumerations of error four, five, six, and eleven, appellant cites adverse rulings regarding admission of evidence of statements by the deceased Whitlock admitting Whitlock's sole guilt for the shoplifting.

The Court ought not consider the enumerations because appellant does not comply with Court of Appeals Rule 15 (c) (3) by pointing out where in the record or transcript the alleged erroneous evidentiary rulings occurred. "[An appellate] court can not read every line of the record and transcript to hunt for error." *Benefield v. Benefield,* 224 Ga. 208, 209 (5) (160 SE2d 895) (1968).

Secondly, the record reveals defense counsel's ambivalent acquiescence in the court's now objected-to rulings. The objections were not properly preserved and she cannot now be heard to complain of them. See *Sanders v. State,* 181 Ga. App. 117, 120 (2) (351 SE2d 666) (1986), citing *Upshaw v. Cooper,* 127 Ga. App. 690, 692 (1) (194 SE2d 618) (1972).

3. In enumeration seven, appellant contends the "court erred in overruling [her] objection to repeatedly asking a witness how many bags were present."

Again, appellant makes no effort to identify the testimony by page reference to the transcript. Nor does she identify which witness' testimony is at issue. Moreover, she presents no legal argument other than bare contentions and no citation of authority. The enumeration is abandoned. Court of Appeals Rule 15 (c); *Ramsey v. State*, 183 Ga. App. 48, 51 (4) (357 SE2d 869) (1987).

4. Enumeration eight cites error in preventing her from cross-examining the prosecuting witness about his memory of his other shoplifting arrests for the same month. She contends the security officer's ability to perceive and recall such specific details was crucial to his credibility and to the defense theory of the case.

Again, the alleged occurrence is not identified in the transcript, but the State has pointed out the subject testimony. Defense counsel asked the witness how many shoplifting arrests he had made during the month of Elrod's arrest and the witness responded that there had been twelve. Defense counsel then asked the witness to name the twelve. The State objected on the basis of relevancy. Defense counsel argued that the witness' ability to recall was critical, ostensibly because of the defense position that the security guard/witness had confused Elrod's identity with that of Whitlock and that Elrod had not been carrying any purse. The court permitted the question and the witness was asked to name the adult shoplifters, which he did. Defense counsel then asked what kind of pocketbook one of the named women had carried. The State again objected. The court told defense counsel it thought the defense had gotten its point across. Defense counsel agreed, reiterated what had been attempted, and ended the recross examination.

"Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." OCGA § 24-2-1. The admission of evidence is a matter which rests within the discretion of the trial court. *Lewis v. State*, 158 Ga. App. 586, 587 (1) (281 SE2d 331) (1981); *Baker v. State*, 246 Ga. 317, 319 (3) (271 SE2d 360) (1980). "The right of cross-examination is not abridged where the examination is limited by the trial court to relevant matters by proper questioning. . . . The trial court has a wide range of discretion in the control of cross-examination. [Cit.] That discretion will not be limited in the absence of obvious abuse. [Cits.]" *Johnson v. State*, 158 Ga. App. 333, 334 (280 SE2d 379) (1981).

Even if the evidence were relevant to show the witness' recall ability, as appellant contends even though there is no evidence that defense counsel was in possession of the details of the other shoplifting incidents so as to verify or challenge the recitation, the court permitted defense counsel considerable leeway and only halted the questioning so as to prevent obscuring the case on trial with evidence of

unrelated thefts. There was no abuse of the court's discretion. Moreover, defense counsel acquiesced in the court's ultimate treatment of the matter. *Upshaw*, supra.

5. Enumerations of error nine, ten, and twelve, and sixteen are unsupported by authority or argument, save the bare assertion of prejudice and harm in number nine. They are deemed abandoned. Court of Appeals Rule 15 (c); *Ramsey*, supra.

6. In enumerations of error thirteen, fourteen and fifteen, appellant contends the court erred in failing to give three requests to charge, one on flight and two on identification.

Again these enumerations are bereft of any supportive reference or argument and the only authority given is the sole citation which accompanied each request; the contentions should be treated as abandoned. Court of Appeals Rule 15 (c); *Ramsey*, supra. We do note that there was no evidence of flight so as to warrant a charge in that regard. "When [a] requested [charge] deal[s] with a matter not in issue, it is not error for a trial court to deny the [request]. [Cit.]" *Smith v. State*, 180 Ga. App. 278, 279 (1) (349 SE2d 26) (1986).

The trial court instructed the jury in its own words about defendant's defense of mistaken identity. "It is well settled that the trial court is not obligated to instruct the jury in the exact language requested and that, where the same principle of law is covered in another instruction, failure to give the requested charge is not error. [Cit.]" *Coleman v. State*, 189 Ga. App. 366, 367 (6) (375 SE2d 663) (1988).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 20, 1990 —
REHEARING DENIED MAY 11, 1990 — 

*Nancy A. Bradford, Louis C. Thacker,* for appellant.
*John T. Newton, Jr., Solicitor, Griffin E. Howell III, Assistant Solicitor,* for appellee.