A92A0848. GODETT v. THE STATE.
(423 SE2d 34)

SOGNIER, Chief Judge.

Derek Godett was convicted by a jury of trafficking in cocaine, and he appeals.

1. Appellant contends the trial court erred by denying his motion to suppress the cocaine found in the car he was driving. The evidence adduced at the hearing on the motion to suppress showed that on March 23, 1991 at approximately 7:00 a.m. Trooper Michael J. Ralston, on routine patrol, observed a car parked in a rest area on Interstate 75. Ralston continued on his patrol, and when approximately one hour later he noticed that the car was still parked in the rest area, he approached the car. Ralston testified that he observed that the lone occupant appeared to be sleeping and that he tapped on the window and awakened the occupant in order "[t]o determine the well being of the person there in the car." The driver informed Ralston that he was fine, and Ralston then asked the driver for the vehicle registration and personal identification. The driver produced a Minnesota driver's license, identifying him as appellant, and the registration, which showed the car was registered in Florida to another individual. Appellant explained that he had been given the car to test drive for two weeks, and that he was driving it to Minneapolis and would return it later to Miami. In response to Ralston's request, appellant offered a telephone number for the car's owner. Ralston was unable to contact the registered owner at the number he was given, and although his dispatcher was able to ascertain from Florida information that a telephone was listed for the registered owner at the address given, that telephone number was unlisted and Ralston was not able to make contact with him. Ralston testified that after having this conversation with appellant and checking with a national police information center, he returned the registration and appellant's driver's license. However, because he was concerned about the ownership of the vehicle, he requested permission to search the car. Both appellant and Ralston testified that appellant consented both orally and in writing because he "didn't have nothing to hide," and voluntarily released the trunk latch. In the course of his search of the trunk Ralston discovered approximately one pound of cocaine in the right rear quarter panel.

Appellant argues that even assuming Ralston's original stop was valid, after appellant assured Ralston that he was fine Ralston had no further cause to detain him, and thus he was illegally "seized" at that

point, rendering his consent to the search of his car invalid.

The facts of the case sub judice are strikingly similar to those in *O'Donnell v. State*, 200 Ga. App. 829, 830-832 (1) (409 SE2d 579) (1991). In *O'Donnell*, a majority of this court held that an initial stop such as the one made by Ralston is proper, as is a routine request for identification and registration. We also held that the trooper's inability to verify appellant's account of the ownership of the vehicle and his concern that the vehicle might be stolen formed an adequate articulable suspicion to support continuing the detention briefly. Id. at 832. In this case, within a few moments of his continued detention appellant gave his consent to search, which appellant admits was voluntary. As "a valid consent eliminates the need for either probable cause or a search warrant," (citation and punctuation omitted), id. at 833 (1), given the totality of the circumstances present in this case, we are constrained by the holding of a majority of this court in *O'Donnell* to hold that "at the time appellant gave [his] consent, he was not in a status of illegal arrest and accordingly, there was *no* taint of his consent to search within the meaning of *Lackey v. State*, 246 Ga. 331, 333 (271 SE2d 478) [(1991)]." Id. at 833 (1). Accordingly, the trial court did not err by denying appellant's motion to suppress. Id.

2. Appellant also maintains the trial court erred by denying his motion for a directed verdict of acquittal made on the ground that the State had failed to prove the offense as charged in the indictment. Although OCGA § 16-13-31 (a) (1) provides that "[a]ny person who knowingly sells, manufactures, delivers, or brings into this state or who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine, . . . commits the felony offense of trafficking in cocaine," the indictment charged that appellant "did knowingly possess more than 200 grams of cocaine, a Schedule II controlled substance, with a purity greater than 10 percent." Appellant's contention, that because of this language in the indictment the State was required to prove that the seized contraband contained at least 200 grams of pure cocaine, is controlled adversely to him by this court's holding in *Belcher v. State*, 161 Ga. App. 442, 443 (1) (288 SE2d 299) (1982). Accord *Quinn v. State*, 171 Ga. App. 590, 593 (8) (a) (320 SE2d 827) (1984). The trial court did not err by denying appellant's motion for a directed verdict of acquittal made on this ground. Id.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 23, 1992.

*Bailey & Bearden, J. Terry Brumlow*, for appellant.

*Darrell E. Wilson, District Attorney*, for appellee.