A93A2520. HAMMOND v. THE STATE.
(441 SE2d 675)

McMURRAY, Presiding Judge.

Defendant Hammond appeals his conviction of a violation of the Georgia Controlled Substances Act, selling cocaine. *Held*:

1. Defendant questions the sufficiency of the evidence to authorize his conviction. The State's evidence was that a woman arrested on prostitution charges approached police with information that she knew someone selling drugs. This informant and her car were searched, she was provided with public funds, and a radio transmitter was concealed on her person which permitted police to monitor and record her conversations. Officers accompanied the informant to a parking lot of a retail store. At that location, the informant got out of the car and made a telephone call. The officers retired to a vantage point from which they could observe both the parking lot and defendant's house. Shortly thereafter, defendant left his house and walked over to the parking lot where he greeted the informant, got in the car with her, and suggested that she drive around to the back of the store. At this time the officers lost visual contact with defendant and the informant, but continued to monitor their conversation.

Evidence from two sources was presented as to the monitored conversation. A police officer who monitored the conversation testified as to what he heard them say: "[The informant] is talking on, I think, do you have the stuff on you. And conversation began toward driving around back, something about, you know, I don't want to be seen by police officers, get in trouble. [The informant] replied, well, I don't want to get locked up either. They was [sic] back there for· a brief period of time. They turned around to come back out, he and [the informant] still having a conversation with Mr. Hammond about the drugs. Is this some good stuff and all of this. And reply she asked and [the informant] said something to the affect [sic] if this is good stuff. Can I come back to you later tonight. The reply was, yes. And Mr. Hammond advised [the informant], thank· you. And got out of [the]

vehicle. At this time [the informant] was telling us she goes, Tom, I got the drugs."

The remaining evidence concerning the monitored conversation is a tape recording of the transmission from the microphone concealed on the informant which was played for the jury. We have listened to the tape recording and have been able to discern less of the conversation than is described by the testimony of the police officer.

In addition to the above evidence, the State also presented testimony that defendant left the car with the public funds provided to the informant and that defendant discarded this money when approached by police officers. The informant did not testify at defendant's trial.

Defendant testified that he was a social acquaintance of the informant, that the parking lot rendezvous was to conceal this fact from his girl friend, and that the informant had the cocaine and had shown it to him while they discussed getting together later that night. Defendant also testified as to seeing money on the console of the informant's car but denied having had possession of it.

In the absence of any testimony from the informant providing direct evidence of defendant's guilt, the question presented is one as to the sufficiency of the circumstantial evidence. We hold that the evidence at trial was sufficient to exclude every reasonable hypothesis save the guilt of the defendant. In view of the minute quantity of cocaine involved it cannot be reasonably asserted that the evidence of the search of the informant could be relied upon to exclude any possibility of a deception by her. Nonetheless, reasonable doubt requires more than a bare possibility of innocence. Reasonable inference refers to those inferences as are ordinarily drawn by ordinary persons in the light of their experiences in everyday life. It is not necessary that circumstantial evidence exclude *every* inference or hypothesis other than the guilt of defendant. In the case sub judice, the circumstantial evidence that the informant obtained the cocaine from defendant must be considered together with the officer's description of the monitored conversation as well as his testimony concerning defendant's possession and denial of possession of the money provided to the informant. We conclude that a rational trier of fact was authorized upon consideration of this evidence to find defendant guilty beyond a reasonable doubt of selling cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Jenkins v. State*, 207 Ga. App. 500 (428 SE2d 410).

2. Defendant contends that the State failed to establish a proper chain of custody for the cocaine involved in this case. After defendant left her car, the informant was within the direct line of sight of police who immediately took possession of the cocaine. Defendant's argument is grounded entirely on a theory of tampering prior to the in-

formant turning possession of this evidence over to police. However, the State's evidence discussed in Division 1 established with reasonable certainty that tampering did not occur. *Brooker v. State*, 163 Ga. App. 91 (1) (294 SE2d 203).

3. Defendant's remaining enumeration of error complains that the trial court refused to charge the jury on the provisions of OCGA § 17-7-90 relating to the legal definition and effects of bench warrants. There was evidence that a bench warrant had been issued for the informant who was absent from trial and defendant maintains that the requested charge was necessary to assist the jury in assessing the credibility issues presented by the evidence in the case. Nonetheless, we fail to find in the circumstances of this case any issue in regard to the effect of bench warrants to be decided by the jury. It was not error to refuse to charge on a matter not in issue. *Smith v. State*, 180 Ga. App. 278, 279 (1) (349 SE2d 26). In this connection, we further note that there could have been no confusion by the jury as to the obvious meaning of the evidence as to a bench warrant for the arrest of the informant. The significance of an arrest warrant is within the common understanding of the average citizen.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED FEBRUARY 7, 1994 —
RECONSIDERATION DENIED FEBRUARY 21, 1994.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.