## 62660. BELCHER v. THE STATE.

POPE, Judge.

Appellant, Roger Dale Belcher, and his co-defendant, Tommy Lee Sharp, were convicted in Gwinnett County for "Trafficking in Cocaine," which is a violation of the Georgia Controlled Substances Act, Code Ann. § 79A-811 (j). That code section provides: "Any person who knowingly . . . delivers . . . 28 grams or more of cocaine or any mixture containing cocaine, as described in Schedule II, in violation of this Chapter, shall be guilty of the felony of 'Trafficking in Cocaine.' If the quantity of the cocaine or mixture involved: (1) Is 28 grams or more, but less than 200 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of five

years and to pay a fine of $50,000.'''[1] The appellant was also convicted for the possession of a firearm during the commission of a felony in violation of Code Ann. § 26-9908a. Appellant appeals his conviction of both offenses.

1. Appellant argues that because of the wording of the indictment which alleged the delivery of "more than twenty-eight (28) grams of cocaine," the prosecution must prove on trial that more than 28 grams of pure cocaine was present in the 113.3 grams of the substance shown to have been delivered by appellant to the GBI agents. A forensic chemist with the Georgia Crime Laboratory testified that his analysis identified the substance as being positive for cocaine.

An indictment is required to set forth the elements of the offense sought to be charged. *Walker v. State,* 146 Ga. App. 237 (1b) (246 SE2d 206) (1978). " 'In criminal law an unnecessarily minute description of a necessary fact must be proved as charged; but an unnecessary description of an unnecessary fact need not be proved.' " *Bell v. State,* 227 Ga. 800, 802 (183 SE2d 357) (1971).

The offense "Trafficking in Cocaine" as specifically charged by the indictment is committed whether cocaine is delivered in a pure form or whether the cocaine is present in a mixture containing other substances, as long as the quantity of the mass containing cocaine is more than 28 grams. A specific quantity of cocaine is not required to be present in the mixture in order to constitute a violation of Code Ann. § 79A-811 (j). Compare *Taylor v. State,* 144 Ga. App. 534 (2) (241 SE2d 590) (1978). Therefore, we find that this alleged variance between the allegation in the indictment and proof at trial did not prevent the appellant from preparing his defense or result in surprise at trial. The appellant in the instant case was sufficiently informed of the charges against him. Also, there was no danger that the appellant might be placed in jeopardy twice for the same offense. *Oglesby v. State,* 243 Ga. 690 (3) (256 SE2d 371) (1979); *De Palma v. State,* 225 Ga. 465 (3) (169 SE2d 801) (1969); *Maxey v. State,* 159 Ga. App. 503 (1) (284 SE2d 23) (1981); *Walker v. State,* supra. We therefore conclude that it was unnecessary for the prosecution in this case to prove the percentage of pure cocaine contained in the subject cocaine-laden substance.

2. At the time of his arrest appellant was armed with a 9 millimeter automatic pistol. The appellant contends that Code Ann. § 26-9908a does not prohibit possession of a firearm during the

---

[1] The appellant was fined $1,000.00 instead of the mandatory $50,000.00; however, this issue was not raised at trial and will not be considered on appeal.

commission of a drug transaction which is a felony. Code Ann. § 26-9908a provides in pertinent part: "Any person who shall have on his person a firearm . . . during the commission . . . any crime against or involving the person of another which is a felony shall be guilty of a felony." The evidence at trial showed that the appellant committed the felony offense of "Trafficking in Cocaine" when he delivered cocaine to two GBI agents in a restaurant parking lot. This evidence showed the commission of a felony "involving the person of another." Therefore, this case falls within the prohibition of the statute, the purpose of which is to avoid death or injuries to persons from firearms used in the commission of felonies.

3. Appellant's remaining enumerations of error are without merit.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 8, 1982 —
REHEARING DENIED MARCH 2, 1982 —

*Glyndon C. Pruitt, William J. Porter, Jr.,* for appellant.
*Bryant Huff, District Attorney, Johnny R. Moore, Assistant District Attorney,* for appellee.