A89A0929. STARLEY v. THE STATE.
(382 SE2d 167)

DEEN, Presiding Judge.

Acting on a series of three tips from an informant who had previously supplied reliable information, Wilkinson County law enforcement officers apprehended appellant Starley while he was sitting in his 1981 blue Oldsmobile, on the evening of the day the tips were received. Examination of the vehicle revealed the presence of more than one ounce of marijuana, and Starley was charged with possession of marijuana with intent to distribute. He moved to suppress the evidence on the grounds that the information relied on by law enforcement officials was double hearsay and that there were no exigent circumstances justifying the warrantless search of his automobile. After

a hearing the trial court denied the motion, and Starley sought and received a certificate of immediate review. This court denied his interlocutory appeal as untimely, and, final judgment having subsequently been entered, he now appeals from that judgment, enumerating as error (1) the admittance into evidence of the marijuana found in his automobile and (2) the denial of his motion to suppress. *Held:*

1. Appellant attempts to characterize the information supplied by the informant as "double hearsay." Examination of the transcript reveals unmistakably that the informant not only saw the marijuana herself but learned of Starley's distribution of the substance when her son, who had just borrowed money from her, came back carrying the marijuana and asking to borrow additional cash with which to complete payment to Starley. The informant, who had previously supplied verifiable information which had led to convictions of other persons, was thus in possession of personal, first-hand information as to appellant's activities on the day on which these incidents occurred and on which, in response to this information, law enforcement officers effected the arrest. Therefore, by definition, the information was not hearsay, and citations to such cases as *United States v. Ventresca*, 380 U. S. 102 (85 SC 741, 13 LE2d 684) (1965), are inapposite. We find no merit in this enumeration.

2. In *Pittman v. State*, 162 Ga. App. 51 (289 SE2d 531) (1982), this court held at 52, that in circumstances analogous to those *sub judice*, "[p]robable cause for the search was sufficiently established by the evidence of the informant's reliability, the detailed nature of his tip, and the corroboration of [the] information by police." Accord *McKinney v. State*, 184 Ga. App. 607, 609 (362 SE2d 65) (1987). In *McKinney v. State*, supra, this court held at 610 that, where there was probable cause to suspect that an automobile contained contraband, a warrantless search was justified, even in the absence of the traditional "exigent circumstances" — and even after the driver had been arrested and the keys taken from him. *A fortiori*, then, when as in the instant case the suspect was known to be driving the automobile from town to town, a warrantless search was justified. Appellant's second enumeration is likewise devoid of merit.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 3, 1989.

*Walter S. Scott*, for appellant.
*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney*, for appellee.