## A91A0846. FORTSON v. THE STATE.
(410 SE2d 774)

POPE, Judge.

Defendant/appellant Eugene Verdele Fortson appeals from his conviction for the offenses of trafficking in cocaine, possession of a firearm, driving without a license, no proof of insurance, and operating a motor vehicle with an invalid license plate revalidation sticker. On June 21, 1989, defendant was stopped by the Clayton County Police Department during a routine check of all passing motorists for a valid driver's license and proof of insurance. When defendant was asked to produce those he reached into a brown bag beside him in the car, but was not able to produce either. The officer who stopped defendant then ran a check on defendant's license and discovered that his license had been suspended. The officer then placed defendant under arrest.

At trial, the arresting officer, who was the only witness called at trial, testified that he then called for a tow truck and conducted an inventory search of the vehicle. While conducting the inventory search, the officer looked in the brown bag that defendant had reached into earlier when he was asked for his license and proof of insurance, and discovered a Beretta .380 automatic handgun and a plastic baggy containing a white powder that was later determined to

be 52.5 grams of cocaine.

1. In his first enumeration of error, defendant alleges that the court erred in giving the intent charge because that charge did not inform the jury that the presumption of intent could be rebutted, thus shifting the State's burden of proof to defendant. The charge about which defendant complains follows: "Ladies and Gentlemen of the Jury, I charge you that a crime is a violation of a statute in this state where [there] is a combination of an act and intention. You may infer, if you wish to do so, that the acts of a person of sound mind and discretion are the product of their will. You may also infer, if you wish to do so, that a person of sound mind and discretion intends the natural and probable consequences of their act. Whether you make such inferences in this case is a matter solely within your discretion. I further charge you, Ladies and Gentlemen of the Jury, that intent to commit the crimes as charged in this indictment is an essential element that the State must prove beyond a reasonable doubt. Intent is always a question for the Jury and is ordinarily ascertained by acts and conduct. Intent may be shown in a lot of ways, provided you, the Jury, find that it did exist from the evidence that has been produced before you. Intent may be inferred from the proven circumstances or by acts and conduct, or it may be inferred when it is the natural and necessary consequences of some act. These inferences may be drawn by you if you choose to do so." (Indentions omitted.)

We cannot agree with defendant's contention of error. As our Supreme Court recently stated in *Isaacs v. State*, 259 Ga. 717 (386 SE2d 316) (1989), when deciding whether a charge on intent violates *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), the court must decide whether the alleged erroneous charge contains "language of command," which requires the jury to find intent if a certain fact is proven, or if the charge makes it clear that it is within the jury's discretion to find intent from the facts proved and that the State has the burden of proving intent. Id. at (35) (b). The disputed charge makes it clear that the State has the burden of proving intent. The charge does not contain "language of command." The charge to the jury also included the following language: "[The] burden [of proof] always remains on the State and never shifts to the defendant. The defendant does not have the burden to prove anything. Every person is presumed innocent until proven guilty. No person shall be convicted of a crime unless each and every essential element of the crime is proved beyond a reasonable doubt." (Indentions omitted.) For all of these reasons, we do not find that the charge in question constitutes impermissible burden shifting.

2. Defendant also contends that the trial court erred in denying his motion to suppress evidence seized in the inventory search of the vehicle. Defendant does not dispute that the Clayton County Police

Department called a tow truck to impound defendant's car. Defendant testified at the hearing on his motion to suppress that before the search was conducted he made arrangements with the tow truck driver for the transport of his vehicle to be a "private pull" and gave the driver $50 for the service. He further testified that the officer did not ask to look in the vehicle until after he asked the officer if he could secure the things in his car in the trunk. After the officer looked in the car and found the gun and drugs, defendant testified that the officer then instructed the driver that the car should be impounded. He stated that the driver then voided the ticket written as a private pull and returned defendant's $50. Defendant contends that the officer's search and impoundment of his vehicle was unreasonable because after he reached an agreement with the driver of the tow truck he had an agent who could remove his vehicle and there was no reasonable cause for the search. The officer testified that a private pull arrangement was discussed but not agreed upon and that the policy of the Clayton County Police Department was to conduct an inventory search of all vehicles when the tow vehicle was summoned by the department.

In reaching its decision that the search was a proper inventory search, the trial court did not discuss the conflicting testimony or whether at the time of the search arrangements had been made for a private pull, but found that because the police department had summoned the tow vehicle it was reasonable for the officer to conduct an inventory search. This court has consistently held that " ' "(w)hen a driver of a motor vehicle is arrested and a reliable friend is present, authorized and capable to remove an owner's vehicle which is capable of being safely removed; or where the arrestee expresses a preference as to towing service and designates an appropriate carrier and destination for the vehicle, it is unnecessary for the police to impound it. In either of these instances the rationale for an inventory search does not exist." ' *State v. Ludvicek*, 147 Ga. App. 784, 786 (250 SE2d 503) (1978)." *Mulling v. State*, 156 Ga. App. 404, 405 (2) (274 SE2d 770) (1980). We agree with the trial court that an inventory search is appropriate whenever the police department selects the towing vehicle rather than the defendant in order to protect the police against claims of lost or stolen property.

The search in question would also be valid as a search incident to arrest as authorized in *New York v. Belton*, 453 U. S. 454 (101 SC 2860, 69 LE2d 768) (1981). In that case, the Court held "that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." (Footnote omitted.) Id. at 460. "This court has held that 'a search is valid as an incident to a lawful custodial arrest where the defendant has been

handcuffed and placed in a patrol car while the search was conducted.' *State v. Watkins*, 182 Ga. App. 431, 432 (356 SE2d 82) (1987). 'The decisive factor is whether the arrestee was, at the time of his *arrest*, a "recent occupant" of the automobile and its contents were in his immediate control at the time of the *search.*' *State v. Hopkins*, 163 Ga. App. 141 (2) (293 SE2d 529) (1982)." *Sims v. State*, 197 Ga. App. 214, 215 (2) (398 SE2d 244) (1990). The bag that contained the handgun and the drugs was located in the passenger compartment of the automobile from which defendant had recently been removed. Accordingly, the search would also clearly be authorized as a search incident to arrest.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 6, 1991 —
RECONSIDERATION DENIED SEPTEMBER 23, 1991 —

*Terry L. Shaw, F. Robert Raley*, for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.