A92A0075. BYERS v. THE STATE.
A92A0076. DUNSMORE v. THE STATE.
A92A0077. HESTER v. THE STATE.
(420 SE2d 23)

ANDREWS, Judge.

Byers, Dunsmore and Hester were jointly indicted and tried by a jury on charges of trafficking in cocaine and possession of marijuana. Hester and Dunsmore were found guilty of trafficking in cocaine. Byers was found guilty of the lesser included offense of possession of cocaine. All three defendants were found guilty of possession of marijuana. Hester was also indicted and found guilty of possession of a firearm by a convicted felon, and was charged and sentenced as a habitual felon.

Viewed in favor of the verdicts, the evidence shows that as a result of a continuing investigation and information obtained from an informant, police believed that cocaine and steroids were being sold from Hester's residence located at 1312 Liberty Drive in Whitfield

County. Based on this information, a warrant was obtained to search the residence. Hester was the only defendant in the residence when the search was conducted. Byers, who lived there with her 12-year-old daughter, was at work during the search. In the search of the residence, police seized triple-beam scales, inositol (identified as a commonly used cutting agent for cocaine), a knife next to the scales coated with a white powdery residue, a package of small plastic sandwich bags, two written lists of persons identified by first names and last initials with adjacent sums of money, Hester's wallet containing $1,745 in cash, and bottles of liquid labeled as steroids along with syringes. Police testified they recognized some of the names on the lists as persons associated with, or under investigation for, narcotics violations. There was no evidence showing the composition of the white residue on the knife. No cocaine or marijuana was found at Hester's residence.

Police also searched a small building located about 30 yards from the residence on property owned by Hester's sister. Dunsmore and a co-defendant not involved in this appeal were found in the small building. In the search of the small building, police found cocaine and marijuana in two plastic bags both stuffed in a boot. Although Dunsmore denied the boot was his, the co-defendant identified the boot as belonging to Dunsmore. In a box located in the small building, police seized more syringes and another plastic bag containing cocaine. Several boxes of vials labeled as steroids were also found in the small building. Evidence showed Hester lifted weights at his residence, and a weight bench was also located in the small building.

After his arrest, Dunsmore contacted the police and said he was not going to take the blame for Hester for the drugs. He also told police where he and Hester had previously obtained cocaine. He did not say that the cocaine or marijuana seized belonged to him or Hester. Hester admitted that he used the syringes found at his residence to administer the steroids found at his residence to himself and his dogs. He claimed the scales were used to weigh food for a special diet he followed as a result of his diabetic condition. Hester admitted he wrote the lists of names and money, but claimed they reflected payments made on used cars purchased from a car sales business he had helped run. Evidence established that the small building had been built on the adjacent property as an office for a used car business which had closed about six months prior to the search. Dunsmore stayed at Hester's residence occasionally, and had recently used the small building as a place to stay prior to the search. The defendants claimed to have no possessory interest in the small building or any items seized therefrom.

1. Hester and Byers claim the trial court erred in denying their motions to suppress cocaine and marijuana seized in the search of the

building located on property adjacent to the property described in the search warrant. The search warrant under which the cocaine and marijuana was seized authorized the search of Hester's property located at 1312 Liberty Drive. The cocaine and marijuana were seized in the search of a building located on property adjacent to and outside the boundaries of the property described in the search warrant. Both Hester and Byers argue the search of the adjacent building illegally exceeded the scope of the warrant. They both deny having any right of possession or interest in the searched building or the items seized. Having disclaimed any basis upon which an expectation of privacy could be based, Hester and Byers have demonstrated that they have no standing to challenge the search or seizure. *Sims v. State,* 251 Ga. 877, 882 (311 SE2d 161) (1984); *Boatright v. State,* 192 Ga. App. 112, 114 (385 SE2d 298) (1989); *Rich v. State,* 188 Ga. App. 287, 288-289 (372 SE2d 670) (1988); *State v. Scott,* 176 Ga. App. 887, 888-889 (339 SE2d 276) (1985). Since these defendants lack standing to object, their enumerations are without merit.

2. Hester and Byers contend the trial court erroneously admitted into evidence, over objection, numerous vials of liquid labeled as steroids, which were seized in the search of the residence at 1312 Liberty Drive and the adjacent building. When the vials were tendered as evidence, Hester and Byers objected that these items were irrelevant to the charges at issue. "[A]rticles found in the control of the defendant at the time or near the time of arrest . . . are admissible as circumstances connected with the arrest of the defendant." *Hale v. State,* 159 Ga. App. 563 (284 SE2d 68) (1981); *State v. Luke,* 232 Ga. 815, 816 (209 SE2d 165) (1974); *Fuqua v. State,* 183 Ga. App. 414, 419-420 (359 SE2d 165) (1987). We need not decide whether some or all of these items were admissible as circumstances of the arrests. Prior to tendering the vials as evidence, the State presented testimony identifying the vials, describing their contents, labeling, and the circumstances in which they were seized. None of this testimony was objected to by the defendants. Error, if any, in admitting the vials was rendered harmless by the admission, without objection, of the testimony describing the seized items and the circumstances of the seizure. *Atlanta Gas Light Co. v. Redding,* 189 Ga. App. 190 (375 SE2d 142) (1988).

3. Hester and Dunsmore argue that the trial court should have granted their motions for a directed verdict of acquittal on the trafficking in cocaine charge because the evidence was insufficient. Under OCGA § 16-13-31 (a), "[a]ny person who knowingly sells, manufactures, delivers, or brings into this state or who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine . . ." is guilty of trafficking in cocaine. The statute defines two methods of committing the crime of traffick-

ing in cocaine, one dealing with pure cocaine, and the other dealing with mixtures containing cocaine. In either case, the crime of trafficking in cocaine is based on proof of the amount of cocaine involved. *Bassett v. Lemacks,* 258 Ga. 367, 369-371 (370 SE2d 146) (1988). Under the statute, one may be guilty by possessing 28 or more grams of pure cocaine, or by possessing 28 or more grams of a mixture with a purity of 10 percent or more of cocaine.

Hester and Dunsmore were indicted and convicted for knowingly possessing "more than 28 grams of cocaine." The record shows that two bags of white powder, one with a gross weight of 31.7 grams and the other with a gross weight of 54.6 grams, were seized in the search, and tested at the State Crime Laboratory. The test used revealed that the substances in both bags contained cocaine. No test was conducted to determine what percentage of the substances was pure cocaine. Although the forensic chemist who tested the substances testified that the test used did not indicate the presence of anything other than cocaine, he admitted that the test did not determine if certain commonly used adulterants were present in the substances, and that what percentage of the substances was pure cocaine "would be shear [sic] speculation." On these facts, there is not sufficient evidence for a rational trier of fact to conclude, beyond a reasonable doubt, that Hester and Dunsmore possessed at least 28 grams of pure cocaine. Even assuming no fatal variance from the indictment would have resulted by proof that the defendants possessed a mixture containing cocaine (see *Belcher v. State,* 161 Ga. App. 442, 443 (288 SE2d 299) (1982)), the evidence was also insufficient to prove that the substances tested contained at least 10 percent pure cocaine.

Although the evidence was insufficient to sustain the convictions for trafficking in cocaine, there was sufficient evidence to connect Dunsmore and Hester to the cocaine seized in the adjacent building, and support convictions for the lesser included offense of possession of cocaine. One bag containing cocaine was found in Dunsmore's immediate presence in his boot when he was arrested. The remaining cocaine was found in the building adjacent to Hester's residence in a box along with syringes and steroids similar to that found in Hester's residence and admittedly used by him. Although the building was not located on his property and he denied using it, evidence showed that Hester had previously used the building as an office to run a used car business adjacent to his residence. Hester lifted weights, and a weight bench was found in the small building. Dunsmore's statement to police showed that he and Hester were involved with cocaine. This evidence combined with other evidence seized from Hester's residence and commonly associated with the type of contraband seized, such as the scales, a substance commonly used as a cutting agent for cocaine, adjacent knife with white residue, large sums of cash in Hester's wal-

let, and the lists of names with accompanying dollar amounts, established a connection between Hester and the cocaine seized from the adjacent building. The circumstantial evidence was sufficient to enable a rational trier of fact to conclude, beyond a reasonable doubt, that Hester had constructive possession of the cocaine seized from the adjacent building. Accordingly, both Hester's and Dunsmore's convictions for trafficking in cocaine are vacated, and their cases are remanded with direction that a conviction and sentence be entered for both defendants for possession of cocaine. *Hogan v. State,* 193 Ga. App. 543 (388 SE2d 532) (1989); *Choate v. State,* 158 Ga. App. 8 (279 SE2d 459) (1981).

4. Defendant Byers contends the evidence was insufficient to sustain her conviction for possession of cocaine or marijuana. We agree there was insufficient evidence to link Byers to the contraband. "Even a finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." (Punctuation and citations omitted.) *Murrell v. State,* 200 Ga. App. 231, 233 (407 SE2d 460) (1991). Since the circumstantial evidence with respect to Byers was not sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused, her convictions must be reversed. OCGA § 24-4-6.

*Judgment affirmed in part, and in part vacated and remanded with direction in Case Nos. A92A0076 and A92A0077. Judgment reversed in Case No. A92A0075. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JUNE 1, 1992 —
RECONSIDERATION DENIED JUNE 11, 1992 — ▮▮▮▮▮▮▮

*Bates, Kelehear & Starr, James E. Toland, Jr.,* for appellant (case no. A92A0075).

*Michael A. Corbin,* for appellant (case no. A92A0076).

*J. Tracy Ward,* for appellant (case no. A92A0077).

*Jack O. Partain III, District Attorney, David W. McLeod, Assistant District Attorney,* for appellee.