## A92A0205. BARNETT v. THE STATE.

(420 SE2d 43)

BIRDSONG, Presiding Judge.

Reginald Clay Barnett appeals his judgment of conviction of trafficking in cocaine, driving a motor vehicle with defective equipment (burned-out headlight beam), violation of Georgia no-fault insurance law by operating an automobile without effective insurance as required by the Georgia Motor Vehicle Accident Reparations Act, and the sentence.

Officer Williams stopped a 2-door Chevrolet Monte Carlo, driven by appellant, the car borrowed from a friend, for a traffic violation (an inoperative headlight). No parking was allowed where the vehicle was stopped. Appellant admitted he had been drinking; he was nervous, he smelled of alcohol, his eyes were bloodshot, and his speech was somewhat slurred. Appellant did not perform well on a three-part field sobriety test. Officer Williams testified he then arrested appellant for DUI, driving an automobile without insurance, and driving an automobile with defective equipment. Two passengers were in the car, and they too smelled of alcohol. Officer Williams elected to impound the vehicle, because he could not allow anyone to drive it without effective insurance. Officer Williams further testified that he searched the car, pursuant to an inventory (conducted because the car was being impounded) and also pursuant to his arrest of appellant. Cocaine was found in a "Cheetos" bag stuffed into a slit in the back side of the front passenger's seat. Although the evidence is contested, Officer Williams testified that the top of the open bag was sticking out of the slit, and he could see inside the bag.

Before Officer Williams searched the car, Officer Singleton was standing about two feet away when the passengers got out and he saw a hole in the back of the passenger seat. Although Singleton did not see a bag in view, a bulge made it apparent there was something down in the seat.

Officer Wallace testified that as he was taking defendant Pollard to the police car, Pollard, without solicitation from Wallace, stated crack cocaine was in a slit on the back side of the passenger's seat. Officer Wallace made no response to Pollard regarding this statement, and he engaged in no conversation with Pollard at the scene. Officer Wallace returned and suggested that Williams search that specific area of the car, but Williams already had found the drugs. Wallace

too observed a "self-made" slit in the seat before the search, but saw nothing sticking out of the slit. *Held:*

1. Appellant asserts the trial court erred in failing to grant his motion to suppress. In considering the legality of a search, an appellate court can consider *all relevant evidence of record,* wherever located, including that adduced at a pretrial suppression hearing and that adduced at trial. *Newsome v. State,* 192 Ga. App. 846, 847 (1) (386 SE2d 887).

Appellant argues inter alia that the stop of the vehicle was merely a pretext to investigate three black males. Appellant's car was lawfully stopped for being operated with defective equipment. As Officer Williams observed appellant violating the traffic laws by driving the vehicle with a defective headlight, he had probable cause to stop the vehicle and investigate the incident. *Mallarino v. State,* 190 Ga. App. 398, 400 (2) (379 SE2d 210). The trial record does not support appellant's claims of subterfuge. Officer Williams testified he stopped the vehicle because of its inoperative headlight. The trial court perforce of its ruling on the suppression motion found this testimony credible, and we will not reverse the trial court's determinations of credibility unless they are clearly erroneous. Id. at 400-401.

Appellant also asserts that the inventory search was a pretext for an investigative search and also was not lawful because the Polk County Police Department has no written or verbal policy regarding impoundment and inventory searches of vehicles, thereby leaving the matter solely within the discretion of the arresting officer. Pretermitting the issue of the legality of the seizure of cocaine resulting from an inventory of the contents of the automobile is the question whether any other lawful basis exists for the seizure of the contraband. We find that at least two independent bases exist for the lawful seizure of the drugs.

(a) The misdemeanor offense of operating a vehicle with defective equipment (an inoperative headlight), see generally OCGA §§ 40-8-7; 40-8-20; 40-8-22; 40-8-30; and 40-8-31, was committed in Officer Williams' presence; there also existed at the time of appellant's arrest probable cause for the arresting officer to believe appellant had committed an offense by operating a motor vehicle without the required statutory insurance, as appellant could not produce proof of unexpired, required minimum insurance coverage, see generally § 40-6-10; and, finally there also existed at the time of appellant's arrest probable cause, albeit minimal, to believe appellant was DUI in the officer's presence. The fact a subsequent intoximeter test revealed only a .02 alcohol level, and that appellant was not indicted and tried for DUI does not negate the legitimacy of the arresting officer's determination to arrest appellant, particularly when, in addition to overall physical appearance, appellant did not perform well on the three-part

sobriety test. Cf. *Brooks v. State,* 166 Ga. App. 704 (305 SE2d 436) (subsequent guilt or innocence does not determine legality of arrest). It is the facts and circumstances existing within the knowledge of the arresting officer at the moment arrest is made which are controlling. *Hall v. State,* 200 Ga. App 585, 586 (1) (409 SE2d 221); see also OCGA § 17-4-20. " 'The constitutional validity of an arrest without a warrant depends upon whether the arresting officer had probable cause to believe the defendant was committing, or had committed, an offense in the officer's presence.' " *Robinson v. State,* 182 Ga. App. 423, 426 (7) (356 SE2d 55). As the arresting officer had made a lawful custodial arrest of appellant (compare *Polk v. State,* 200 Ga. App. 17 (406 SE2d 548)), he had authority to conduct, as a contemporaneous incident of that arrest, a warrantless search of the vehicle compartment of the automobile which appellant had just been operating. *Fortson v. State,* 201 Ga. App. 272, 274 (410 SE2d 774); *Nichols v. State,* 198 Ga. App. 323 (401 SE2d 338). (Note: The transcript establishes the seats in this vehicle were of the type where the backs move forward to allow rear-seat passengers ingress and egress; it may reasonably be inferred from this fact of automobile body design that a driver could have ready access to and immediate control over anything placed within the slit in the back of the passenger seat once that seat back was tilted forward.) Accordingly, the suppression motion should not have been granted; we will not reverse the correct ruling of the trial court regardless of the reason given therefor. *Ely v. State,* 192 Ga. App. 203 (4) (384 SE2d 268).

(b) Additionally, the search was valid for the following reason. Independent of and before Officer Williams' search of the vehicle, two police officers observed the slit in the back seat in plain view from their lawful vantage points outside the car, although they did not likewise observe a bag in plain view. At least one of these officers also observed a bulge below the slit or hole indicating there was something deposited therein. Officer Wallace observed defendant Pollard sitting in the back, passenger side of the vehicle. Shortly thereafter, as he was being escorted to the patrol car, defendant Pollard made a voluntary and unsolicited statement to Officer Wallace that there was cocaine in the seat back where the slit was located. Although Officer Williams had already conducted his search and found the drugs before this information could be transmitted to him, this information was obtained by the police lawfully and independent of any information gained by Officer Williams during his actual search of the vehicle. Pollard's voluntary admission against penal interest regarding the precise location of and nature of the drugs was corroborated adequately by the officer's observation of Pollard's location and vantage point within the car, the location of the slit and the presence of the bulge, and therefore provided the police with probable cause to be-

lieve cocaine was located within the seat back of the front passenger seat of the automobile. Compare *Massachusetts v. Upton,* 466 U. S. 727, 731 (104 SC 2085, 80 LE2d 721); *Starley v. State,* 191 Ga. App. 428, 429 (2) (382 SE2d 167). Thus, the police had probable cause to make an immediate, warrantless search of the automobile seat back for cocaine whether exigency existed and regardless of whether the vehicle was then impounded. Compare *Westfelt v. State,* 192 Ga. App. 791 (386 SE2d 542); *Starley,* supra; *McKinney v. State,* 184 Ga. App. 607, 610 (2) (362 SE2d 65). Accordingly, it was inevitable that the cocaine would have been discovered by the police notwithstanding Officer Williams' search. "[W]hen . . . the evidence in question would inevitably [or ultimately] have been discovered without reference to the police error or misconduct, there is no nexus sufficient to provide a taint and the evidence is admissible." *Nix v. Williams,* 467 U. S. 431, 444, 448 (104 SC 2501, 81 LE2d 377); *Delay v. State,* 258 Ga. 229, 231 (3) (367 SE2d 806); compare *Mack v. State,* 189 Ga. App. 261 (1) (375 SE2d 458) (independent source rule). The trial transcript speaks for itself; there exists a preponderance of the evidence, as a matter of law, establishing that the drugs ultimately or inevitably would have been discovered without reference to police error or misconduct, if any, when Officer Williams searched the vehicle. In this regard, a preponderance of the evidence of record more than shows that the inevitable discovery of the cocaine was "more likely than not." *Bourjaily v. United States,* 483 U. S. 171, 176 (107 SC 2775, 97 LE2d 144). We will not reverse the correct ruling of the trial court denying the suppression motion. *Ely,* supra.

2. Appellant asserts two separate errors in his third enumeration; first, that the trial court erred in denying appellant a directed verdict when the evidence was insufficient as a matter of law after excluding the incriminating statements of co-defendants and, secondly, that the trial court erred in failing to grant his motion to sever.

(a) Appellant alleges there was insufficient evidence to support his conviction of trafficking in cocaine. In support of this argument, he claims inter alia that the jury erroneously considered the pretrial statements of the co-defendants against him. He also argues that he was prejudiced by Officer Wallace's testimony regarding the statement of co-defendant Walker. As a preface to this statement, Wallace stated that Walker had said he "met with two other defendants." The prosecutor immediately stopped Officer Wallace and directed his testimony away from any further reference to other defendants. Other than a leading question objection, appellant posed no timely objection and made no timely motion to strike the testimony pertaining to defendant Walker's statements. Likewise, appellant's counsel made no timely, specific objection or mistrial motion regarding the admissions attributed to the defendant Pollard. Accordingly, we cannot review

these issues as appellant failed to make a timely objection at trial on the specific grounds he attempts to assert on appeal. *Ray v. State,* 187 Ga. App. 451, 452 (370 SE2d 629); compare *Mundy v. State,* 259 Ga. 634 (5) (385 SE2d 666). Further, the trial court instructed the jury that a statement made by one of the defendants is admissible only against the person who has made any such statement, and then only if it was freely and voluntarily made. See also *Isaacs v. State,* 259 Ga. 717, 737 (38) (386 SE2d 316).

The trial court instructed the jury as to the legal theories of actual and constructive possession of contraband, and of joint possession thereof. Appellant has not raised a charging error as to this instruction in his enumerations of error. Further, " ' "[w]here drugs are found in the 'immediate presence' of the defendant, the jury is authorized to find they are 'in the constructive possession' of the accused." ' " *Sanders v. State,* 199 Ga. App. 671, 672 (2) (405 SE2d 727); accord *Singleton v. State,* 194 Ga. App. 5, 6 (389 SE2d 496). "Possession can be proven by circumstantial as well as direct evidence." *Norton v. State,* 195 Ga. App. 737, 738 (395 SE2d 34). All of the competent evidence adduced at trial, which was admissible against appellant, may be considered to show his constructive or joint possession. See *Robinson v. State,* 175 Ga. App. 769, 771 (1) (334 SE2d 358). On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State,* 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was knowingly in either joint or constructive possession of the cocaine. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

(b) As appellant raised two separate errors within the same enumeration, we elect not to review his claim of error due to failure to grant severance. *Robinson v. State,* 200 Ga. App. 515, 518 (2) (408 SE2d 820); *West v. Nodvin,* 196 Ga. App. 825, 830 (4 c) (397 SE2d 567). However, in the interest of judicial economy, we note that "[w]hen two or more defendants are jointly indicted for a non-capital felony, such defendants may be tried jointly or severally, in the discretion of the trial court. OCGA § 17-8-4. '(T)he burden is on the defendant requesting a severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. (Cit.) He must make a clear showing of prejudice and a consequent denial of due process.' " *Emmett v. State,* 199 Ga. App. 650, 652 (4) (405 SE2d 707). The record does not support a finding that the trial court abused its discretion by denying the motion to sever.

3. Appellant asserts the trial court erred in failing to grant its motion for directed verdict of acquittal of trafficking in cocaine, because the indictment averred appellant committed the trafficking offense solely by having in his possession 28 grams or more of cocaine, and the evidence of record establishes that the actual amount of cocaine was less than 28 grams. Appellant asserts a fatal variance occurred which voided the conviction of the greater offense of trafficking.

OCGA § 16-13-31 (a) (1) provides in pertinent part that the offense of trafficking may be committed by being in knowing possession of *either* 28 grams or more of cocaine, *or* of any mixture with a purity of 10 percent or more of cocaine. The term "cocaine" as used in this statute is as described in Schedule II (OCGA § 16-13-26), and any substance constituting cocaine under that definition cannot include decocainized coca leaves or extractions which do not contain cocaine or ecgonine. Thus, the statute *currently* defines, somewhat similar to a previous statutory definition, two methods of committing the crime of trafficking. One method deals with pure cocaine and the other with mixtures containing the statutorily required percentage of cocaine. Compare *Bassett v. Lemacks,* 258 Ga. 367, 369 (1) (370 SE2d 146); see also *Robinson v. State,* 256 Ga. 564 (350 SE2d 464).

However, for whatever reason it chose to do so, the grand jury returned a trafficking count within the indictment which *specifically averred* that trafficking had occurred due to defendant's possession of 28 grams or more of (pure) cocaine; the count *did not* include an averment that trafficking occurred due to defendant's possession of a *mixture* containing at least the statutorily required percentage of cocaine. That is, the trafficking count of the indictment avers: "The grand jurors . . . in the name and behalf of the citizens of Georgia, charge and accuse Lester Ray Walker, Reginald Clay Barnett and Darryl Pollard with the offense of trafficking in cocaine for that the accused, in the county aforesaid, on the 7th day of February, 1991, did unlawfully, knowingly possess and have under his control more that 28 grams of cocaine, a controlled substance in violation of the Georgia Controlled Substance Act."

The uncontroverted testimony of the crime lab chemist established that the substance analyzed had a total *mixture* weight of 33.9 grams and was 82.5 percent cocaine. Accordingly, the total weight of pure cocaine found in the mixture was only 27.9675 grams; less than the 28 grams averred in the trafficking count of the indictment. Moreover, the substance was weighed at the beginning before any was extracted for testing.

This case is distinguishable from cases where the trafficking count in essence averred trafficking was committed by both means provided by statute, but only one means of offense commission was

proven at trial. See e.g., *Partridge v. State,* 187 Ga. App. 325 (370 SE2d 173) (indictment averred actual possession of 400 grams of cocaine *and* a mixture with a purity of more than 10 percent cocaine — evidence showed only 319 grams of pure cocaine). We recognized that " 'when an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods *alleged in the indictment* makes a prima facie case for jury determination as to guilt or innocence.' " (Emphasis supplied.) *Mitchell v. State,* 195 Ga. App. 255, 260 (5) (393 SE2d 274); accord *Gordon v. State,* 199 Ga. App. 704 (406 SE2d 110); compare *Walker v. State,* 146 Ga. App. 237, 240 (1 b) (246 SE2d 206). But this is not the situation before us. In *Lumpkin v. State,* 249 Ga. 834, 836 (2) (295 SE2d 86), although finding the facts before them distinguishable, the Supreme Court stated: "In *Walker* [*v. State,* supra], the Court of Appeals held that it was reversible error 'to charge that a crime may be committed by either of two methods, when the indictment charges it was committed by one specific method, and then charge the jury that they may convict the defendant if they find he committed the offense by a method other than the specific type charged in the indictment.' [Cit.] The court there *correctly held* that where no remedial instructions were given, the charge was erroneous as a matter of law *because of a fatal variance* between the proof at trial and the indictment returned by the grand jury." (Emphasis supplied.) *A similar offending charge without benefit of subsequent remedial instructions was given in this case.*

Moreover, although the operative facts pertaining to the content of the indictment are not fully developed in *Aguero v. State,* 169 Ga. App. 462, 466 (3) (313 SE2d 735), it appears that the indictment also averred that appellant was in possession of the requisite *mixture* of cocaine, as the opinion, after discussing the then statutory requirement, expressly states there was no variance (apparently fatal or otherwise) between the amount alleged in the indictment and the amount proved possessed. Also, *Aguero* finds controlling the precedent of *Belcher v. State,* 161 Ga. App. 442, 443 (1) (288 SE2d 299) where it was observed that "[t]he offense 'Trafficking in Cocaine' *as specifically charged by the indictment* is committed whether cocaine is delivered in a pure form *or* whether the cocaine is present in a mixture containing other substances." (Emphasis supplied.) Therefore, it is apparent neither of these cases involves an averment charging only one method or means of offense commission. (Note: If not factually distinguishable, we would have serious reservations as to the continued viability of *Aguero* and *Belcher,* supra, to the extent they might be interpreted as conflicting with this opinion.)

In *Ross v. State,* 195 Ga. App. 624 (1 b) (394 SE2d 418), this court was confronted with a count of aggravated sodomy which

averred that appellant had committed the offense in one manner and in one manner only. The evidence failed to prove that the offense was committed in the manner averred, although it was established the offense would have been committed in another statutory manner not averred. This court noted the facts in *Ross* were distinguishable from those cases where an indictment avers several different manners in which the offense was committed and there exists evidence sufficient to support a finding of guilt as to one (but not all) of these averred manners, and held: " ' "If the indictment sets out the offense as done in a particular way, *the proof must show it so,* or there will be a variance. . . . [N]o averment in an indictment can be rejected as surplusage which is descriptive either of the offense *or of the manner in which it was committed.* All such averments must be proved as laid, or the failure to prove the same as laid will amount to a variance. (Cits.) . . . To permit the prosecution to prove that a crime was committed in a wholly different manner than that specifically alleged in the indictment would subject the accused to unfair surprise at trial and constitute a fatal variance. . . . (Cits.)" ' [Cits.]" Accord *Feagin v. State,* 198 Ga. App. 460 (2) (402 SE2d 80).

As only one means of offense commission was averred in the trafficking count of the grand jury's indictment and as the evidence at trial was insufficient to prove that trafficking had been committed in that manner, a fatal variance occurred within the meaning of *Lumpkin,* supra, *Ross,* supra and *Feagin,* supra. Compare *Fulford v. State,* 50 Ga. 591, 593; *McBride v. State,* 199 Ga. App. 527, 529 (1) (405 SE2d 345); *Hogan v. State,* 193 Ga. App. 543 (1) (388 SE2d 532). However, as the evidence was sufficient, under a *Jackson v. Virginia* standard " 'to support appellant's conviction for possession of cocaine, the case is remanded with direction that a conviction and sentence be entered for that offense.' " *Hogan,* supra.

*Judgment vacated and case remanded with direction. Beasley and Andrews, JJ., concur.*

DECIDED JUNE 8, 1992.

*Stewart & Holmes, J. Calloway Holmes, Jr.,* for appellant.
*William A. Foster III, District Attorney, Donald N. Wilson, Assistant District Attorney,* for appellee.

