### A01A2256. DANIEL v. THE STATE.
(555 SE2d 154)

PHIPPS, Judge.

Abbe Daniel was convicted of trafficking in amphetamine, possession of methamphetamine, and obstruction of a law enforcement officer. Her motion for new trial was denied, and she appeals. She contends that the trial court erred in denying her motion for directed verdict of acquittal on the amphetamine trafficking charge. We agree and reverse Daniel's conviction for that offense. Her remaining convictions are affirmed.

Under Schedule II of the Georgia Controlled Substances Act, "amphetamine" includes the drug itself as well as "its salts, optical isomers, and salts of its optical isomers."[1] Under OCGA § 16-13-31 (e), a person who knowingly possesses "28 grams or more of . . . amphetamine, or any mixture containing . . . amphetamine, as described in Schedule II" is guilty of trafficking in amphetamine. The amphetamine trafficking statute thus sets forth two methods of committing the crime of trafficking. One method deals with amphetamine itself (defined to include amphetamine chloride). The other method deals with any mixture containing amphetamine. A conviction is sustainable under the statute based on proof that the crime was committed by either method.[2] Moreover, where the indictment charges that the crime was committed by both methods, a conviction is sustainable under the indictment based on proof that the crime

---

[1] OCGA § 16-13-26 (3) (A).
[2] See *Bellamy v. State*, 243 Ga. App. 575, 579 (2) (530 SE2d 243) (2000).

was committed by either method.[3] Where, however, the indictment alleges that the crime was committed by one method, the State is required by the indictment to prove commission of the crime by that particular method.[4] The indictment in this case charged Daniel with trafficking in amphetamine by reason of having been "knowingly in possession of 28 grams or more of amphetamine."

Daniel was the passenger in a vehicle that was the subject of a traffic stop. During the course of the stop, she attempted to flee the scene. While in flight, she discarded a bag which the police recovered. Inside the bag were 21 smaller bags. One of the smaller bags contained methamphetamine, and the remaining 20 bags contained amphetamine.

A forensic chemist for the State Crime Lab testified that the material in the 20 bags containing amphetamine weighed 28.8 grams. Although the chemist performed no quantitative analysis on the substance in the bags, he testified that the material was "most likely" composed of a "mixture of stuff." He estimated that the mixture consisted of between 40 to 60 percent pure amphetamine and that "a fairly large percentage of the weight would be [amphetamine] hydrochloride." According to the chemist, "[a]mphetamine is usually kept as a hydrochloride salt, because the freebase amphetamine is volatile. It would just evaporate off into the air if . . . they didn't make the salt out of it."

Because the above evidence is insufficient to show that Daniel was in possession of 28 grams or more of amphetamine or amphetamine hydrochloride, as opposed to a mixture containing these substances, Daniel was entitled to a directed verdict on the amphetamine trafficking count of the indictment. "However, as the evidence was sufficient, under a *Jackson v. Virginia*[5] standard[,] ' "to support [Daniel's] conviction for possession of [amphetamine], the case is remanded with direction that a conviction and sentence be entered for that offense." ' [Cit.]"[6]

*Judgment affirmed in part and reversed in part and case remanded with direction. Barnes, J., concurs. Smith, P. J., concurs specially.*

SMITH, Presiding Judge, concurring specially.

I agree with the result reached by the majority opinion. I write separately to point out that, on first reading, the facts of this case

---

[3] See *Belcher v. State*, 161 Ga. App. 442, 443 (1) (288 SE2d 299) (1982), as interpreted in *Barnett v. State*, 204 Ga. App. 491, 497 (3) (420 SE2d 43) (1992).

[4] *Byers v. State*, 204 Ga. App. 552, 554 (3) (420 SE2d 23) (1992); *Barnett v. State*, supra.

[5] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[6] *Barnett v. State*, supra at 498 (3).

and those in *Barnett v. State*, 204 Ga. App. 491 (420 SE2d 43) (1992), on one hand, and the circumstances in *Bellamy v. State*, 243 Ga. App. 575 (530 SE2d 243) (2000), and *Belcher v. State*, 161 Ga. App. 442 (288 SE2d 299) (1982), on the other, seem to create some tension with one another. In my view, the narrow distinctions between these cases warrant some expanded discussion.

As in *Barnett*, although the relevant trafficking statute describes two methods of committing the offense, the indictment here charged that the offense was committed in one specific manner. The State therefore was required to prove that the offense occurred as charged in the indictment. See *Barnett*, supra at 498. In *Bellamy*, however, we made the broad statement that OCGA § 16-13-31 (e) "treats pure methamphetamine and a mixture containing methamphetamine equally." Id. at 579 (2). I do not believe this statement materially conflicts with *Barnett* or our holding in this case. In *Bellamy*, unlike the facts here, the defendants were charged with trafficking in a *mixture* containing methamphetamine. The evidence showed that they were trafficking in *pure* methamphetamine. It would have been absurd to hold that a fatal variance between the indictment and proof at trial existed in such a circumstance.

Also, this case is distinguished from *Belcher*, supra. There, we stated that "[a] specific quantity of cocaine is not required to be present in the mixture in order to constitute a violation of" the trafficking statute. Id. at 443 (1). But in *Belcher*, unlike this case and unlike *Barnett*, it appears that the indictment charged the defendant with violating the statute by either of two methods. Consequently, our statement that a specific amount of cocaine was not required was correct in that circumstance. The State could have drafted the indictment here to allege the crime of trafficking in a controlled substance by two different methods. It did not, and the proof at trial simply did not show that Daniel committed the crime as charged in the indictment.

DECIDED OCTOBER 9, 2001.

*Donna A. Seagraves*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.