### A04A0994. ELROD v. THE STATE.
(603 SE2d 512)

ADAMS, Judge.

Glenn Elrod was convicted by a jury of trafficking in amphetamine. He appeals following the denial of his motion for new trial.

1. Elrod first challenges the sufficiency of the evidence, arguing that the State failed to prove that he was in possession of more than 28 grams of amphetamine as charged in the indictment. We agree and reverse.

Pursuant to OCGA § 16-13-31 (e), "[a]ny person who knowingly sells, delivers, or brings into this state or has possession of 28 grams or more of . . . amphetamine, or any mixture containing . . . amphetamine, as described in Schedule II" is guilty of the offense of trafficking in amphetamine. The statute thus sets forth two methods of committing the offense of trafficking in amphetamine — by possessing 28 grams or more of amphetamine or by possessing 28 grams or more of any mixture containing amphetamine.

> A conviction is sustainable under the statute based on proof that the crime was committed by either method. Moreover, where the indictment charges that the crime was committed by both methods, a conviction is sustainable under the indictment based on proof that the crime was committed by either method. Where, however, the indictment alleges that the crime was committed by one method, the State is required by the indictment to prove commission of the crime by that particular method.

(Footnotes omitted.) *Daniel v. State*, 251 Ga. App. 792-793 (555 SE2d 154) (2001). See also *Byers v. State*, 204 Ga. App. 552, 554 (3) (420 SE2d 23) (1992); *Barnett v. State*, 204 Ga. App. 491, 496 (3) (420 SE2d 43) (1992).

In this case, the indictment charged Elrod with "unlawfully and knowingly [possessing] more than 28 grams of Amphetamine. . . ." A forensic chemist with the State Crime Lab testified on behalf of the State that the substance at issue here was positive for amphetamine,

and that the substance weighed 58.6 grams. No evidence was introduced concerning the purity or composition of the substance.

The evidence presented was thus insufficient to show that Elrod was in possession of 28 grams or more of amphetamine as charged in the indictment, and his conviction for trafficking in amphetamine must be reversed. *Daniel v. State*, 251 Ga. App. at 793. See also *Hill v. State*, 253 Ga. App. 658, 661-662 (2) (560 SE2d 88) (2002).

2. Although the evidence was insufficient to sustain Elrod's conviction for trafficking in amphetamine, the evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to show he was in possession of the drug so as to authorize his conviction for the lesser included offense of possession of amphetamine. Thus, Elrod's conviction for trafficking in amphetamine is vacated and the case remanded with direction that a conviction and sentence be entered against him for the offense of possession of amphetamine. *Hill v. State*, 253 Ga. App. at 662 (2); *Daniel v. State*, 251 Ga. App. at 793.

*Judgment vacated and case remanded with direction. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 12, 2004.

*Lindsay H. Bennett III*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Bruce E. Roberts, Assistant District Attorney*, for appellee.