**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 7, 2013**

# In the Court of Appeals of Georgia

A12A2540. IN THE INTEREST OF S. C. P., a child.

McFADDEN, Judge.

S. C. P. appeals the juvenile court's order placing him in restrictive custody for acts that, if committed by an adult, would constitute the designated felony of trafficking in methamphetamine in violation of OCGA § 16-13-31 (c). He argues that the order must be reversed because the delinquency petition alleged that he participated in the delivery of a certain amount of methamphetamine but the state proved only that he participated in the delivery of that amount of a methamphetamine mixture. Although there is a split of authority in this Court regarding whether such a distinction constitutes a fatal variance requiring reversal, the Supreme Court of Georgia, addressing a different controlled substances statute, has followed the line of authority holding that this distinction is not a fatal variance. Following our

Supreme Court's reasoning, we find that there was no fatal variance requiring reversal in this case, and we affirm.

> In a delinquency petition, the state accused S. C. P. of
>
> deliver[ing] and distribut[ing] more than 400 grams of a substance categorized as Schedule II by OCGA § 16-13-26, contrary to the laws of this [s]tate, . . . TO WIT: . . . in concert with another deliver[ing] and distribut[ing] more than one pound of methamphetamine to a confidential informant, a violation of [OCGA §] 16-13-31 (e).

The petition also notified S. C. P. that an adjudication of delinquency on this count would be a designated felony requiring that he be placed in restrictive custody. See OCGA § 15-11-63.

The evidence at the delinquency hearing, viewed in the light most favorable to the disposition, *In the Interest of J. R.*, 300 Ga. App. 422 (685 SE2d 397) (2009), showed that on August 3, 2010, S. C. P. delivered to a confidential informant 445.9 grams of a substance that tested positive for methamphetamine. This act constituted trafficking in methamphetamine under OCGA § 16-13-31 (e), which pertinently provides that a person commits the felony offense of trafficking if that person "knowingly . . . delivers[ ] . . . 28 grams or more of methamphetamine, amphetamine, or any mixture containing either methamphetamine or amphetamine, as described in

2

Schedule II, in violation of this article." OCGA § 16-13-31 (e) does not contain a purity requirement for the trafficking of methamphetamine or amphetamine. See generally *Hardin v. State*, 277 Ga. 242, 243 (2) (587 SE2d 634) (2003) (addressing legislature's decision to treat methamphetamine trafficking differently from cocaine trafficking in this regard).

Nevertheless, S. C. P. argues that, given the allegations in the delinquency petition, the state was required to prove the purity or composition of the substance. He essentially argues that there was a fatal variance between the delinquency petition's allegations and the hearing evidence, because the state proved only that S. C. P. delivered a mixture containing some amount of methamphetamine. We have applied the fatal variance rule to delinquency proceedings. See, e.g., *In the Interest of J. H. M.*, 295 Ga. App. 483, 484 (672 SE2d 411) (2008); *In the Interest of B. A. C.*, 289 Ga. App. 588, 588-589 (1) (657 SE2d 652) (2008).

In support of his argument, S. C. P. points to *Elrod v. State*, 269 Ga. App. 112 (603 SE2d 512) (2004), which concerned a charge that the defendant violated OCGA § 16-13-31 (e) by possessing more than 28 grams of amphetamine. Evidence was presented that the substance at issue weighed more than 28 grams and tested positive for amphetamine, but no evidence was presented concerning the purity or

3

composition of the substance. *Elrod*, supra at 112-113 (1). We held this evidence to be insufficient to show that the defendant was in possession of 28 grams or more of amphetamine as charged in the indictment. Id. at 113 (1). In so holding, we noted that OCGA § 16-13-31 (e) sets forth two methods of committing this offense – "by possessing 28 grams or more of amphetamine or by possessing 28 grams or more of any mixture containing amphetamine" – and we cited the rule that "[w]here . . . the indictment alleges that the crime was committed by one method, the [s]tate is required by the indictment to prove commission of the crime by that particular method." (Citations omitted.) *Elrod*, supra at 112 (1). We reached the same conclusion in *Daniel v. State*, 251 Ga. App. 792, 792-793 (555 SE2d 154) (2001).

But another line of authority holds that this variance is not fatal because OCGA § 16-13-31 (e) treats equally the substances of methamphetamine, amphetamine, and a mixture containing either methamphetamine or amphetamine. In *Sims v. State*, 258 Ga. App. 536 (574 SE2d 622) (2002), the defendant was charged with violating OCGA § 16-13-31 (e) by "possessing more than 200 grams of amphetamine," but the trial evidence showed that the defendant possessed more than 200 grams of a mixture of amphetamine and methamphetamine. *Sims*, 258 Ga. App. at 536 (1). Although the defendant argued that this constituted a fatal variance, we held that "any variance in

4

this case between the allegations of the indictment and the proof at trial [was] not fatal" and that such a variance would not subject the defendant to the dangers against which the fatal variance rule protects. Id. at 537 (1). In so holding, we noted "that OCGA § 16-13-31 (e) treats amphetamine and a mixture containing amphetamine equally." Id. Other decisions of this court have reached similar conclusions based on the Code section's equal treatment of the substances. See, e.g., *Howard v. State*, 291 Ga. App. 289, 292 (2) (661 SE2d 644) (2008) (finding no fatal variance where indictment alleged possession of methamphetamine but state instead proved possession of amphetamine; citing among reasons for this finding that "the statute under which [the defendants] were charged and other statutes dealing with both amphetamine and methamphetamine[ ] treat the two drugs equally") (citations omitted); *Emilio v. State*, 257 Ga. App. 49, 51-52 (2) (570 SE2d 372) (2002) (finding that OCGA § 16-13-31 (e) "does not establish two different methods of trafficking based on the purity of the drug" but instead treats pure amphetamine and a mixture containing amphetamine equally; thus where the indictment alleged trafficking in amphetamine and there was proof that the substance at issue tested positive for amphetamine, the trial court's instruction that trafficking may be accomplished by possessing amphetamine or a mixture containing amphetamine did not create the

5

possibility that the defendant was convicted of an offense not charged) (footnote omitted); *Bellamy v. State*, 243 Ga. App. 575, 579-580 (2) (530 SE2d 243) (2000) (finding no fatal variance between indictment charging that defendant trafficked a mixture containing methamphetamine and proof that substance at issue was pure methamphetamine, because OCGA § 16-13-31 (e) "treats pure methamphetamine and a mixture containing methamphetamine equally").

Pertinently, the Supreme Court of Georgia has cited the *Sims* rationale to find no fatal variance in a case in which the defendant was accused of violating another criminal statute involving a controlled substance. In *Rochefort v. State*, 279 Ga. 738 (620 SE2d 803) (2005), the Court noted that

> for purposes of [the relevant Code section], "ephedrine" and "pseudoephedrine" are synonymous, so that the one includes the other. . . . Therefore, there was no fatal variance between the accusation charging possession of ephedrine and the proof at trial showing possession of pseudoephedrine. See *Sims v. State*, 258 Ga. App. 536, 537 (1) (574 SE2d 622) (2002) (no fatal variance where statute treats two substances equally).

*Rochefort*, supra at 741 (2).

Faced with the choice in this case of whether to follow the line of authority represented by *Sims*, or the line of authority represented by *Elrod* and *Daniel*, we

6

must take the lead of our Supreme Court and follow *Sims*. Because "methamphetamine" and a "mixture containing methamphetamine" are synonymous for purposes of OCGA § 16-13-31 (e), there was no fatal variance between the delinquency petition charging delivery of a certain amount of methamphetamine and the proof at the hearing showing delivery of that amount of a mixture containing methamphetamine. See *Rochefort*, 279 Ga. at 741 (2); *Sims*, 258 Ga. App. at 537 (1). To the extent this holding conflicts with the holdings set forth in *Elrod*, supra, 269 Ga. App. 112, and *Daniel*, supra, 251 Ga. App. 792, and their progeny, those decisions are hereby overruled.

*Judgment affirmed. Ellington, C.J., concurs. Barnes, P. J., Phipps, P. J., Miller, P. J., and Doyle, P.J., concur. Andrews, Dillard, Boggs, Ray, Branch and McMillian, JJ., concur.*